McLaughlin *v.* Shepherd.

## McLaughlin *versus* Shepherd.

A conveyance of land, and a bond, made at the same time, by the grantee, to re-convey upon the performance of conditions, constitute a mortgage.

An offer to perform the conditions defeats the conveyance.

Such a bond, though unrecorded, will be operative as against an attaching creditor of the grantor, who attached prior to the Revised Statutes, and who, at the time of the attachment, had notice, either *express* or *implied*, of such a bond.

An attaching *creditor* is chargeable with notice in the same manner and with the same effect, as a subsequent *purchaser*.

When proposing to purchase land, of which some person, other than the grantor, is in possession, it is the purchaser's duty to inquire into the state of the title.

The presumption of law is, that upon such inquiry, he ascertains the true state of the title.

Unless he make such inquiry, a presumption arises of a fraudulent intent in making the purchase.

A continued, uninterrupted possession by the grantor in such a case, is sufficient evidence from which to infer notice to one who purchased prior to the Revised Statutes, that such a bond existed.

The right of a mortgagee of land is not attachable or subject to a levy, as *his* property.

32    143
38    449
40    590
50    180
50    184

ENTRY. — Case for the plaintiff.

In June, 1838, the defendant conveyed the land to one Wellington, by a deed recorded in the same month, in consideration of three notes of $700 each, given by Wellington to him.

In October, 1838, a creditor of Wellington attached the land, and on obtaining judgment in 1846, levied it as the property of Wellington, and in 1847 released it to the plaintiff.

Case for the defendant.

Wellington, on taking the deed, gave to the defendant a bond, that if, within three years, the defendant should re-deliver the notes, or the part of them which might be unpaid, together with cash to the amount which might have been paid, with its interest, he would re-convey the land.

Within the three years, the defendant did offer to Wellington the notes, and requested the re-conveyance.

The defendant, at the time of making the deed, and ever afterwards to the time of the trial, was in possession of the land, residing upon it and occupying it exclusively.

Some controversy arose relative to the sufficiency of the attachment.

*J. Godfrey* and *J. & M. L. Appleton,* for plaintiff.

The plaintiff's record title must prevail unless invalidated. The deed and bond did not amount to a mortgage. 1 Fairf. 197; 15 Maine, 104.

Notice to the attaching creditor could not be *implied* from the possession in Wellington's grantor. 3 Pick. 155; 8 Johns. 105; 12 Johns. 453; 8 Greenl. 98; 3 Metc. 405; 11 Shepl. 29; 10 Shepl. 170; 26 Maine, 484; 23 Maine, 165; 3 Wend. 208; 8 Peters, 30.

Such possession raises a presumption, that the grantor was merely a tenant under the grantee. *Sherburne* v. *Jones,* 20 Maine, 70.

But if notice could be *implied* from such possession, it would be insufficient; for the Revised Statutes, c. 91, § 26, requires the notice to be *actual.*

*Cutting,* for defendant.

I. The bond and deed constituted a mortgage.

The condition of the bond was performed by the offer to Wellington of his notes and the request for a re-conveyance.

By that performance, the conveyance by defendant was defeated.

II. The statute of 1821, as to recording such a bond, is to govern in this case. By that statute, it was immaterial *when* the bond should be recorded.

III. The occupation by the defendant dispensed with the need of a registry of the bond. It was, of itself, sufficient notice of such a bond. 23 Maine, 233 ; 6 Maine, 256 ; 5 N. H. 181.

HOWARD, J. — The tenant owned and occupied the demanded premises, consisting of a house and lot in Bangor, and conveyed them by an absolute deed to Wellington, June 2, 1838. He took from Wellington a bond under seal, of the same date, and executed at the same time, to re-convey the premises within three years, upon the surrender of the notes, then given for the consideration of the conveyance, and upon a re-payment of such sums and interest as might have been paid by the grantee.

The deed was recorded June 30, 1838, but the bond was not recorded until November 20, 1843. Wellington did not enter into the possession of the premises, but the tenant and his family resided on, and occupied them, some time prior to, and ever since June 18, 1838.

A creditor of Wellington attached the premises in a suit on a demand accruing, and due, before 1838 ; obtained judgment and execution, and levied upon them, January 12, 1847, and conveyed his title and interest to the demandant.

Wellington did not pay any portion of his notes for the consideration, but the tenant, within the three years, requested of him a re-conveyance, offering to give up the notes specified in the bond, and in compliance with its conditions.

The deed and bond, being a part of the same transaction, constituted a mortgage between the parties, but whether it

can be regarded as such, against the attaching creditor, is the question presented by the report.

A subsequent purchaser of real estate, who had notice at the time of his purchase, of a prior unregistered deed, cannot, upon the strength of his prior registry, defeat the unrecorded deed. The notice to him has all the effect of a prior registry, and is alike effective, whether it be express or implied. This doctrine has been so fully discussed in English and American courts, and so frequently affirmed, that it may be considered as established law.

It has been held that possession by one, of an improved estate, under an unregistered deed, is notice to a subsequent purchaser, of the prior conveyance ; and that such possession, is sufficient to put the subsequent purchaser upon an inquiry into the title, which he is about to purchase from a person who is not in possession. If he make the inquiry, the presumption of law is, that he ascertains the true state of the title ; or if he neglect it, and purchases, there arises in either case, the presumption of a fraudulent intention in effecting the purchase. *Webster* v. *Maddox,* 6 Greenl. 258 ; *Matthews* v. *Demerritt,* 22 Maine, 312 ; Trowbridge's reading of the Province Law, of 9 Will. 3, chap. 7, 3 Mass. 573 ; *Farnsworth* v. *Childs,* 4 Mass. 638 ; *Norcross* v. *Widgery,* 2 Mass. 508 ; *Davis* v. *Blunt,* 6 Mass. 489 ; *Prescott* v. *Heard,* 10 Mass. 60 ; *McMechan* v. *Griffing,* 3 Pick. 152 ; *Curtis* v. *Mundy,* 3 Metc. 405, where it is held, under the Revised Statutes of Massachusetts, which provide that no unrecorded conveyance of real estate shall be valid and effectual, except against the grantor, &c., " and persons having *actual notice* thereof," that it is not necessary, in order to render such conveyance valid against a subsequent purchaser, that he should have positive and certain knowledge of its existence ; but that the notice would be sufficient if it be such as men usually act upon in the ordinary affairs of life. *Pomroy* v. *Stevens,* 11 Metc. 244 ; *Jackson* v. *Sharp,* 9 Johns. 168 ; *Jackson* v. *Burgott,* 10 Johns. 471 ; *Day* v. *Dunham,* 2 Johns. Ch. 190 ; *LeNeve*

v. *LeNeve,* 3 Atk. 654; *Taylor* v. *Stibbert,* 2 Ves. 440; *Hiern* v. *Mill,* 13 Ves. 120; 1 Story's Com. on Eq. Juris. § 397; 4 Kent's Com. 169—174.

The statute, 1821, chap. 36, § 3, provides, " that no title or estate in fee simple, &c., of any lands, &c., within this State, shall be defeated or incumbered by any bond or other deed, or instrument of defeasance, in the hands or possession of any person, but the original party to such bond, deed, or other instrument or his heirs, unless such bond, deed, or other instrument of defeasance, be recorded at large in the registry of deeds, in which the original deed referred to in the said bond, deed, or other instrument of defeasance shall have been recorded." The *first* section of this chapter provides for the recording of *deeds,* and it has been construed in conformity with the doctrine and principles already stated ; but the *third* section has not been so directly the subject of discussion, or of judicial interpretation. As the instrument of defeasance affects the title of the parties to the conveyance, there would seem to be the same necessity for recording it as for recording the deed, and for the like purpose of giving notice. Such, undoubtedly, was the object of the Legislature in framing the law. By analogy, this section should receive a similar construction, in reference to unrecorded instruments of defeasance, with the first section of the statute, in respect to unregistered deeds. A subsequent purchase, therefore, from the grantee, with knowledge, express or implied, of an unrecorded bond of defeasance, would not be valid against the mortgage. The subsequent purchaser would be chargeable with notice of the unregistered deed or instrument of defeasance, upon like evidence. *Newhall* v. *Burt,* 7 Pick. 159.

The case of *Fuller* v. *Pratt,* 1 Fairf. 197, has been cited, as advancing doctrine at variance with the views now indicated, on the subject of notice. But in that case it was determined that the instrument, taken by the grantor, did not constitute a defeasance ; and although the Chief Justice remarked, in his opinion, that, if it had been a defeasance, it could not have operated as such, against any person but the original par-

ty to it, while unrecorded, yet this remark was merely incidental to the point upon which the decision was made ; and the effect of possession by the obligee was not then discussed by the court, and does not appear to have been there directly considered, or decided.

An attaching creditor is chargeable with notice in the same manner, and with like effect, as a subsequent purchaser. *Matthews* v. *Demerritt,* 22 Maine, 317.

In this case, the evidence was sufficient to put the creditor upon the inquiry into the nature of the title of his debtor ; and if the inquiry had been instituted, it cannot be doubted that it must have resulted in his ascertaining the true state of the debtor's interest. The open, continued, and exclusive possession and occupation of the house and lot, by the tenant and his family, after his conveyance to Wellington, are facts from which notice might be inferred that he was in possession by right, and under the title which he actually had. *McKecknie* v. *Hoskins,* 23 Maine, 233 ; *Taylor* v. *Stibbert,* 2 Ves. 440.

Wellington's interest was only that of a mortgagee, and it was not attachable, or subject to a levy of execution. *Blanchard* v. *Colburn,* 16 Mass. 345 ; *Eaton* v. *Whiting,* 3 Pick. 484 ; *Smith* v. *People's Bank,* 24 Maine, 185.

The objections to the sufficiency of the attachment becoming immaterial to the result, are not considered.

*Demandant nonsuit, according to the*
*agreement of the parties.*