EDWARD MITCHELL, HAMILTON L. HOPPIN AND SAMUEL H. HOPPIN, AS TRUSTEES FOR LOUISA H. HOPPIN, RESPONDENTS, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY AND THE MAN-HATTAN RAILWAY COMPANY, APPELLANTS.

*Damages recovered in full compensation for a continuing trespass upon real property by the executors of a testator by whom the action was begun before his death — not binding upon the heirs in whom the title to the land is subsequently adjudged to be.*

In an action brought to procure an injunction restraining the operation of an elevated railway by the defendants, it appeared that the predecessor in title of the plaintiffs had died after having brought an action for damages against the railway company, which was continued by his executors, in whose favor a verdict was rendered against the railway company for the total amount of the damage and loss, and not for the mere loss of rents, under an instruction from the court that the verdict would be full compensation and a bar to another suit.

It was subsequently adjudged that the will was not a valid disposition of the real estate of the testator, as it unduly suspended the absolute power of alienation, and in an action for partition, to which the widow and child of the testator were parties, the property was sold and purchased by the plaintiffs in the present action.

*Held,* that although the executors, in the action brought by them, had recovered the entire damage resulting to the property from the construction and use of the elevated railway, such recovery was not a bar to this action brought by the present plaintiffs, as such recovery could not in any way affect the interests in the real estate, which, after the death of the testator, were not vested in the executors, but in the heirs and widow of the testator.

APPEAL by the defendants from a judgment, entered in the office of the clerk of the county of New York on the 21st day of June, 1889, after a trial before the court at Special Term.

*Brainerd Tolles,* for the appellants.

*Mitchell & Mitchell,* for the respondents.

VAN BRUNT, P. J.:

The plaintiffs commenced this action in May, 1887, for the purpose of procuring an injunction to restrain the operation of the defendants' road in front of the premises Nos. 72 and 76 West Third street.

It appears that the defendants' railroad was completed and put in operation in April, 1878. In March, 1880, Daniel Schnarr, who was the owner of the premises in question, brought an action against the Metropolitan Elevated Railway Company in the Court of Common Pleas for the damages sustained to the premises Nos. 72 and 76 West Third street, by the erection and operation of this road. The action was brought to recover damages for the permanent depreciation in the value of the premises in question, caused by the construction, maintenance and operation of the elevated railway of the defendant in front of such premises.

On the 10th of December, 1880, Daniel Schnarr died, leaving him surviving his widow, Mary Schnarr, and his daughters, Mary Magdalena Schnarr and Adelaide Hedding. He also left a last will and testament, duly executed, by which he attempted to dispose of all his real and personal estate in accordance with a certain scheme of disposition, wherein his widow and his two daughters and the children of his daughter, Adelaide Hedding, were the beneficiaries.

Letters testamentary were issued to the executors therein named, and the action was revived and continued by said executors. It was tried in June, 1884, and a verdict was rendered in favor of the plaintiffs, which recovery was for the whole value of the loss and not for the mere loss of rents, and under an instruction from the court that the verdict would be full compensation to the plaintiffs and a bar to another suit, which instruction it appears was excepted to upon the part of the Metropolitan Elevated Railway Company. Subsequent to the probate of the will of said Daniel Schnarr an action was begun in the Supreme Court by his widow and his daughter Mary Magdalena Schnarr against Hedding and others, for a partition of the real estate whereof Daniel Schnarr died seized, and by the judgment entered it was adjudged and decreed that the said will was not a valid will for the disposition of real estate, for the reason that it unduly suspended the absolute power of alienation, and further adjudged and decreed that the premises in question, amongst others, be sold at public auction by the referee designated in said judgment. The premises were accordingly sold at public auction by the referee in December, 1884, and were purchased by the plaintiff Edward Mitchell, who received a deed of the same from the said referee on or about the 10th of January, 1885. The

defendants subsequently paid the Schnarr judgment in full, and the only question which it is necessary to discuss in the disposition of this appeal (as all the other questions raised have been passed upon in other cases by the General Term), is whether, by the payment of the judgment obtained in the action of *Schnarr* v. *The Metropolitan Elevated Railway Company*, said company had acquired these easements which formed the subject-matter of the action at bar.

Upon the trial in the court below, one of the grounds upon which it would appear that the learned court disposed of the question before it was, that the plaintiff, the purchaser at the auction sale, had no notice of the Schnarr judgment or of its scope. If that judgment had been obtained by Daniel Schnarr and had been paid under the circumstances disclosed in this case, it seems to us that the law would presume that the purchaser had notice of all the rights which the Metropolitan Elevated Railway Company had acquired by reason of the judgment, because it was in possession of the easement.

It is a familiar principle of law that, where a party is in possession of property, whether real or personal, it is notice to all the world of all the rights which he claims in respect to such property. A party in possession of real estate under an unrecorded deed is protected by his possession, as that is notice to the world that he has some claim and puts the purchaser of that property upon inquiry; and he is held not to be a purchaser in good faith until he exhausts the means of ascertaining the nature of the claim of the person in possession. Therefore, the defendant in this action, being in possession of these easements, was giving notice to all the world of a claim in respect thereto, and a judgment obtained by the owner of the premises against them for permanent damages, and precluding him and all persons claiming under him from maintaining another action therefor, established in them that right.

The plaintiffs in this action took no means whatever of ascertaining upon what claim the elevated railway company based its right of possession, and unless such means were used they cannot possibly be considered as not having notice of whatever claim the defendants might be able to assert. But it seems to us, that under the decision of the Court of Appeals in *Pond* v. *Metropolitan Elevated Railway Company* (112 N. Y., 106) it is plainly intimated,

that where a plaintiff recovers permanent damages in an action at law, because of a trespass of the kind committed by the defendant on the premises in question, a new action cannot be maintained because of the continuance of the trespass. It seems to us that there can be no distinction as to the rights of the owners of abutting premises, between a case where, against the objection of the defendant, such a recovery is had, and that in which such a recovery is had by and with the consent of the parties. Therefore, if Daniel Schnarr had obtained this judgment against the Metropolitan Elevated Railway Company, it would have been a bar against the maintenance of a subsequent action, because of a continuance of the trespass. But the difficulty with the defendants' case is that Daniel Schnarr died before the entry of the judgment and the suit was continued by his executors, who, it has been decided, had no title whatever to the real estate. Therefore, the obtaining of a judgment by them for permanent injury, and the payment of such judgment to them, could in no way affect the real estate in respect to which they had no title.

It clearly would have been otherwise had the title been vested in the executors, so that they could have been said to have been the representatives of the heirs of the real estate in the maintenance of that action.

The judgment appealed from should be affirmed, with costs.