EDWARD MITCHELL et al., as Trustees, etc., Respondents, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Appellants.

In an action by an abutting owner of property on a street in the city of New York, to restrain the operation and maintenance therein by defendants of an elevated railroad and for damages, the following facts appeared: S., the former owner, brought an action at law to recover damages for the permanent depreciation in value of his premises; he having died before trial, the action was revived in favor of his executors, and a judgment was rendered against the objection of defendants for the permanent as well as the temporary damages. Subsequently S.'s will was held to be invalid; plaintiff purchased the premises in question, and in this action a judgment was rendered which awarded the injunction prayed for, unless defendants paid the permanent damages as fixed. *Held*, no error; that upon the death of S. intestate, the property in suit, with the easements annexed, vested at once in his heirs at law, and thereafter all damages accruing belonged to them and their successors in title, and they were entitled to recover the same although erroneously included in the former judgment.

Reported below, 56 Hun, 543.

(Argued February 11, 1892; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 16, 1890, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

This was an action by an abutting owner of property on West Third street in the city of New York to recover damages, or to restrain the operation and maintenance by defendants of their road in said street.

The facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellants.

*William Mitchell* for respondents.

PARKER, J. The judgment awards to the plaintiff two thousand and seventy-five dollars for damages occasioned to his property, prior to the commencement of this suit, by the maintenance of defendants' elevated railroad structure, and the operation of trains thereon, and enjoins the defendant from further operating the railroad, and maintaining the structure, unless it pay to the plaintiff the sum of twelve thousand dollars, adjudged to be the value of so much of plaintiff's rights and easements appurtenant to his real estate as are necessary for defendants' permanent use.

Appellants insist that this judgment ought not to stand, because, prior to the commencement of this suit, in pursuance of a judgment of the court, and in satisfaction thereof, they were compelled to pay the sum of seven thousand five hundred dollars awarded by a jury, as and for the permanent damages occasioned to this property by defendants' structure and the movement of trains thereon. How it happens that two different parties plaintiff have each succeeded in obtaining a judgment, for the permanent damages sustained by the same parcels of real estate, may be briefly told. Daniel Schmarr was formerly the owner of the premises in controversy. In March, 1880, he brought an action at law against the Metropolitan Elevated Railway Company to recover damages for the permanent depreciation in the value of such premises, caused by the construction, maintenance and operation of defendants' railway.

Before the trial of the action and in December following, he

died, leaving a last will and testament, by which he attempted to dispose of all his real and personal estate. The will was subsequently probated; letters testamentary issued to the executors named therein; the action revived and continued by the executors in their names, and judgment rendered in favor of the plaintiffs in June, 1884, for the full amount of the loss sustained. The court instructed the jury that the verdict to be rendered would be full compensation to the plaintiffs and a bar to another suit. Defendants' counsel excepted to such instruction, and also to the court's refusal to charge certain requests made for the purpose of presenting sharply the defendants' contention that a recovery could only be had for the damages incurred up to the commencement of the suit. The General Term of that court subsequently affirmed the judgment, which was paid and satisfied of record June 9, 1886.

In the meantime, such proceedings were had as resulted in vesting the title in the plaintiff Mitchell. The widow and a daughter of the testator, subsequent to the probate of the will, instituted a suit for the partition of the real estate, claiming that testator's attempted disposition of it by will was invalid because it unduly suspended the absolute power of alienation.

The court so held and decreed that the premises be sold at public auction by a referee appointed for that purpose. This plaintiff was the purchaser at the sale, which took place in December, 1884, and the inquiry is, did he acquire the easements which are the subject of this dispute?

It is well settled that in an action at law such as that commenced by Schmarr, a recovery can only be had for the temporary damages which have accrued at the time of the commencement of the action, because the appropriation of the easements by the defendants being unlawful is presumably not permanent. (*Pond* v. *Met. El. R. Co.*, 112 N. Y. 186.)

In *Lahr's* case, the plaintiff recovered for permanent damages, but the affirmance of the judgment as to that question was placed on the ground that the defendant admitted the permanency of the intended use and acquiesced in the rule of

damages adopted by the trial court. (*Lahr* v. *Met. E. R. Co.*, 104 N. Y. 268–293.)

Had Schmarr in his life-time obtained a judgment for permanent damages under circumstances like those alluded to in the *Lahr* case, while the judgment would not have operated to transfer the easements to the defendants (*Pond's Case, supra,* 190), it would have been effectual as a bar to any future claim by him. (*Hussner* v. *Brooklyn City R. R. Co.*, 114 N. Y. 433.)

His privies would have been in no better position because defendants' possession of the easements operated to give notice to all the world of a claim of right in respect thereto, so as to put all purchasers on inquiry, and such a judgment would confirm the defendants in that right, because obtained by the owner for permanent damages and precluding him and all persons claiming under him from maintaining another action therefor.

Schmarr's position would have been the same if (as happened on the trial of the action with the executors as plaintiffs) the defendant, instead of acquiescing in a recovery for permanent damages, had unsuccessfully objected that such a recovery could not lawfully be had.

Had Schmarr effectually vested the title of this real estate in the trustees named in his will, as they may have supposed he did when they procured the action to be revived in their names and prosecuted to judgment, the recovery would have operated to bar any future action in respect to these easements, either by the trustees or their grantees.

But he died before the trial, and intestate as to this real estate. It became vested at once in his heirs at law, together with the easements annexed. Thereafter the right to all damages accruing belonged to them and their successors in title. (*Shepherd* v. *Manhattan R. R. Co.*, 117 N. Y. 442; *Kernochan* v. *N. Y. E. R. R. Co.*, 128 id. 559–569; *Pappenheim* v. *M. E. R. Co.*, Id. 436.)

The executors of Daniel Schmarr's will had no power to represent or affect the rights and interests in the lands which

descended to the heirs on his death. Testator's claim for temporary damages accruing prior to his death, was a personal asset which passed to his executors. (*Shepherd* v. *Manhattan R. R. Co.*, 117 N. Y. 442; *Griswold* v. *M. E. R. Co.*, 122 id. 102.)

Whatever those damages amounted to was properly recoverable in the action which Schmarr had begun, and which was subsequently revived in the names of the executors. Against the objection of the defendants, the court allowed a recovery for permanent damages, as well as for the temporary damages which the plaintiffs had a right to recover. This was error and has resulted in great injustice to the defendants.

But the consequences cannot be shifted to the shoulders of him upon whom has devolved the title to the real estate of which Schmarr died seized.

The judgment should be affirmed.

All concur.

Judgment affirmed.