VAN BRUNT, P. J.
—This is an action brought for an injunction against the operation and maintenance of the elevated railway in front of the premises known as “ No. 1222 Second, avenue,” and the premises in the rear thereof, and for rental damage to said premises. The objection was taken upon the trial, and also by the exceptions filed to the decision of the court, to the right of the plaintiff to recover, upon the ground that he had proved no title to the premises to which the easements alleged to have been taken by the defendants were adjacent, prior to the year 1889, the defendants’ road having gone into operation, and the easements having been taken by the defendants, in the y,ear 187.9. The only evidence upon the question of title is a statement of one of the witnesses, Joseph Kalish, that he bought the premises 1222 Second avenue from a builder in 1884, and he showed that he was in possession of these promises up to the time that he conveyed the same to the plaintiff in 1889, which deed was offered in evidence.
It is to be observed that an injunction is ordered unless the defendants pay upon the tender of a deed conveying these easements. It necessarily follows that, before the court can make a decree of this description, independent of any other consideration, the party required to tender the deed should show, that he had title to that which he was required to convey; and where it appears, as it does in the case at bar, that the title to the adjacent lot certainly does not extend further back than 1884, and that at that time the defendants were in possession of the easements, it would seem that there was no evidence that he had a good title to tender, so as to comply with the condition upon which he would be entitled to the injunction. That it is necessary, in order that there should be a recovery for these easements, that a title should exist and be proven in the plaintiff, seems to be established by the cases of Dean v. Met. E. Railway Co., 119 N. Y. 540; 30 St. Rep. 81; and Hughes v. Met. E. Railway Co., 130 N. Y. 40 St. 587.
. It seems to be assumed, in too many of these cases, that all that it is necessary to prove is that the plaintiff is the present-owner of the abutting lot, and that the defendants are operating their elevated railroad, in order to entitle the plaintiff to recover. We think that the possession of the elevated railroad was notice to all the world of a claim upon the part of the defendants in re *160 spect of that property, as has been, held in the case of Mitchell v. Met. E. Railway Co., 56 Hun, 543; 31 St. Rep. 625; Id., 134 N. Y. 11; 45 St. Rep. 318. The railroad being in possession, it was necessary to show, upon the part of a party seeking to disturb that possession, some title anterior to the commencement of the possession of the defendants. These easements are matters which may be severed from the adjacent property,—may be the subject of conveyance or the subject of possession ; and as a result some’'title anterior to possession must be proven as the basis of an injunction, and a reasonably good title should be shown in order to entitle a party to payment as a condition, of conveyance. The burden of establishing this proposition is clearly upon the plaintiff; and, that burden not having been met in the case at-bar, the recovery had cannot be sustained.
The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.
All concur.