## Farmer, et al. v. R. C. Tway Coal Company, et al.

(Decided July 1, 1924.)

### Appeal from Harlan Circuit Court.

1. Mines and Minerals—Finding that Vendee Had no Notice of Prior Conveyance Sustained.—Finding that purchaser of minerals had no notice of prior conveyance of lands held proper under evidence.

2. Vendor and Purchaser—Occupancy by Small Children Not Notice of Interest.—Occupancy of land by children 8 and 12 years of age in common with their mother was not notice to purchaser of unrecorded deed from their father to them.

3. Vendor and Purchaser—Grantee of Bona Fide Purchaser Protected Against Prior Equities.—Grantee of bona fide purchaser without notice is protected against prior equities even though he himself has notice.

4. Champerty and Maintenance—Conveyances of Minerals Held Not Champertous.—Conveyances of minerals held not champertous by reason of occupancy of land by small children holding an unrecorded deed; there being nothing to show that their holding was adverse.

H. M. BROCK and W. A. BROCK for appellants.

HALL, JONES & LEE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

John H. Farmer and Millard Farmer brought this suit against the R. C. Tway Coal Company, W. S. Hall

and A. B. Cornett to quiet their title to the mineral rights in a tract of land in Harlan county. On final hearing the petition was dismissed and plaintiffs have appealed.

The facts are these: On January 24, 1903, Perry Farmer, sometimes called Parris Farmer, and his wife, Nancy Farmer, executed and delivered to A. B. Cornett a deed which was duly recorded conveying 31 acres of land on the D. H. Smith branch of Martin's fork in Harlan county.

On February 5, 1904, the same grantors conveyed by deed which was duly recorded the mineral rights in a tract of land on the D. H. Smith branch of Martin's fork containing about 68¾ acres.

On July 15, 1916, A. B. Cornett conveyed to W. F. Hall the mineral rights in 122 9/10 acres of land, which boundary includes a small amount of the land conveyed to Cornett by the deed of January 24, 1903, and practically all of the land embraced in the deed of February 5, 1904.

Subsequently W. F. Hall executed a lease giving to the R. C. Tway Coal Company the right to mine and remove the coal from the land.

Appellants claim title under a deed purporting to have been executed by their father and mother on May 25, 1900, and witnessed by their uncle, Bingham Farmer, and their brother, John Farmer. Their evidence is to the effect that their father was living with another woman, that their mother threatened to sue him, and that finally the matter was adjusted by the execution of the conveyance in question, the consideration being that the grantees, who were then eight and twelve years old respectively, would support their parents as long as they lived. The alleged deed, however, was not put to record until March 9, 1920. It was then removed from the clerk's office, and not produced at the trial, it being claimed that it had been lost.

Appellees claim that the alleged deed of May 25, 1900, was not genuine, and that even if genuine, they purchased and paid value for the land without any notice of its existence, or of any claim by appellants. On the other hand, appellants claim that appellees purchased with notice, and that the several conveyances by which they acquired title were champertous.

In view of our conclusions on other questions that are determinative of the case, we deem it unnecessary to

pass on the genuineness of the deed under which appellants claim title.

On the question of notice Nancy Farmer, wife of Perry Farmer, testified that when A. B. Cornett was negotiating for the purchase of the minerals, she informed him that her husband, Perry, did not own anything on this side of the branch, but had deeded that land to Millard and John, and that she also conveyed the same information to Denver Cornett, the son of A. B. Cornett, at the time he took her acknowledgment to the deed. In this she is corroborated by her children, who claim to have been present and to have heard the conversation. On the other hand, A. B. Cornett and Denver Cornett both say that no such conversation took place. When we take into consideration the fact that the evidence corroborative of Mrs. Farmer's testimony was given by witnesses who claim to have recalled a conversation which occurred sixteen years before, and at a time when they were little children, and the further fact that men of experience in business affffairs ordinarily do not purchase and pay for property when informed that they will get no title, we are not prepared to say that the chancellor erred in believing the Cornetts rather than appellants and their witnesses.

Clearly there is no merit in the contention that the mere presence of appellants on the land was sufficient to put A. B. Cornett on inquiry as to their title. It may be conceded that possession of land by a third person is sufficient to put a subsequent purchaser on inquiry and charge him with notice of everything that ordinary diligence in pursuing the inquiry would disclose. Following this rule, it is held that the possession of a purchaser of real estate under an unrecorded deed is notice to the world that he has some claim which puts a subsequent purchaser upon inquiry and protects the possessor (Mitchell v. Metropolitan Elevated Railway Co., 56 Hun. 543, 9 N. Y. Supp. 829, affirmed in 134 N. Y. 11, 31 N. E. 260; McLaughlin v. Shepherd, 32 Me. 143, 52 Am. Dec. 646), but the possession should be open, notorious and exclusive, and not inconsistent with the record title, or such as to deceive the public. Townsend v. Little, 109 U. S. 510, 27 L. Ed. 1014; Bell v. Twilight, 22 N. H. 500; Blankenship v. Douglass, 26 Tex. 225, 82 Am. Dec. 608; Truesdale v. Ford, 37 Ill. 210. Here the record title was in Perry Farmer. Appellants, who claim under the prior unrecorded deed, were only eight and twelve years of

age. Though it be true that their father spent a large portion of his time away from home, yet at the time of the purchase by A. B. Cornett they occupied the old log house in common with their mother. Under no view of the case can it be said that their possession was distinct or exclusive. On the contrary, their occupancy was like that of all other little children in every household, and therefore not inconsistent with the record title. We, therefore, conclude that A. B. Cornett was a *bona fide* purchaser without notice. With respect to W. F. Hall, who purchased the mineral rights from A. B. Cornett, we need go no further than to say that the grantee of a *bona fide* purchaser without notice is protected against prior equities, even though he himself has notice. Varney v. Deskins, 146 Ky. 27, 141 S. W. 411; Ky. Coal and Timber Development Co. v. Conley, 184 Ky. 276, 211 S. W. 734; Citizens Trust Co. v. Hays, 167 Ky. 567, 180 S. W. 811.

Nor can it be said that either the conveyance from Perry Farmer to A. B. Cornett or the conveyance from Cornett to Hall was champertous. As before stated, appellants were little children occupying the land jointly with their mother when A. B. Cornett purchased, and the circumstances were not such as to show that their holding was adverse. When Hall purchased the situation was this: Perry Farmer, the titleholder of record, had sold the mineral rights to Cornett. When Perry Farmer died the title to the surface descended to his children, subject to the dower rights of his widow. If when Hall purchased appellants were occupying the land, they had the right to do so, because they owned the surface and there was nothing to indicate that their holding was hostile or adverse to the owner of the mineral rights which had been separated by prior conveyance. Va. Iron, Coal & Coke Co. v. Combs, 186 Ky. 261, 216 S. W. 846.

Judgment affirmed.