ETHEL ZEIGER and JOE ZEIGER, Respondents, v. INTERBOROUGH RAPID TRANSIT COMPANY and THE CITY OF NEW YORK, Appellants.— In an action for an injunction restraining defendants from operating their railroad, or, in the alternative, for the payment of damages, judgment for plaintiffs reversed on the law, with costs, and complaint dismissed, with costs. The burden was on plaintiffs to show that they have unrestricted easements of light, air and access in Livonia avenue, upon which their property abuts. (*Hughes* v. *M. E. R. Co.*, 130 N. Y. 14, 23.) It was encumbent upon them to show that they have the legal title to the easements which defendants have appropriated or invaded. (*Pegram* v. *Elevated R. R. Co.*, 147 N. Y. 135, 145; *Heimburg* v. *Manhattan R. Co.*, 162 id. 352, 354.) In the absence of such proof plaintiffs cannot recover. (*Skelly* v. *Metropolitan Elevated R. Co.*, 1 App. Div. 51; affd., 158 N. Y. 677; *Herzog* v. *New York El. R. Co.*, 14 N. Y. Supp. 296 [not officially published]; affd., 76 Hun, 486; affd., on opinion below, 151 N. Y. 665.) The legal title or right to the full and unrestricted enjoyment of the easements may be destroyed or lost by the owner's voluntary abandonment or his permission to appropriate it. (*Foote* v. *Elevated Railroad*, 147 N. Y. 367, 371; *White* v. *M. R. Co.*, 139 id. 19, 26.) Prior to the time plaintiffs acquired title to the property the railroad was in operation and the deed to them recited that the premises were conveyed " Subject to * * * railroad consent and right of railroad to use all streets in front of and adjacent to said premises." Under the circumstances, plaintiffs failed to sustain their burden of showing that they have legal title to unrestricted street easements and, hence, they were not entitled to relief. (*Hughes* v. *M. E. R. Co.*, supra; *Pegram* v. *Elevated R. R. Co.*, supra; *Heimburg* v. *Manhattan R. Co.*, supra; *Skelly* v. *Metropolitan Elevated R. Co.*, supra; *Herzog* v. *New York El. R. Co.*, supra.) Hagarty, Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., concurs in result.

## (June 29, 1938.)

In the Matter of the Application of ROBERT L. HOGG, for Admission to Practice as an Attorney and Counselor at Law. (From the State of West Virginia.) — Application granted. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.