## Davis et al. v. Allen et al.

Nov. 3, 1939.

Rehearing Denied Jan. 12, 1940.

Nolan Carter and R. P. Moloney for appellants.

Fowler & Fowler for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellants obtained a judgment against the appellees James D. Allen and his wife, Debbie D. Allen, for $800 and costs, and on April 23, 1937, caused an execution which had been issued on March 31, 1937, to be levied on a ten-acre tract of land in Fayette County standing in James D. Allen's name. The tract was improved by a residence in which Allen resided with his wife's parents, the appellees J. W. Spaulding and Mary Bell Spaulding. Sometime prior to April 20, 1937, according to the testimony of Spaulding, Nolan Carter, appellants' attorney, called upon him to inquire about Allen's ownership as shown by the records, and was informed by the witness that Allen did not own the property, that it belonged to the witness who had paid for it and had received a deed. Mr. Carter, testifying for appellants, stated that on April 23, 1937, he notified Allen by letter of the levy of the execution and that it was about a week later when he called upon Spaulding.

On May 24, 1937, appellants instituted the present action in which the foregoing testimony was given, alleging the judgment, the levy of the execution, the filing of a lis pendens notice, and the assertion of title by Spaulding. The petition called upon Spaulding to assert his claim. This Spaulding did by answer on behalf of himself and wife, alleging that on January 2, 1928, they had purchased the property from Allen, that it had been conveyed to them on that date, and that this conveyance was known to the appellants and their agent at the time of the levy of the execution. In an amended answer the Spauldings stated that they had taken possession of the property immediately upon its purchase and had resided upon it ever since.

If the indebtedness out of which the judgment in favor of the appellants arose was incurred subsequent to the date of the unrecorded conveyance, it would be immaterial whether appellants had notice thereof at the time the execution was levied. In such case the sole question would be whether appellants had such knowl-

edge at the time they extended the credit. Since the amendment of 1916 to Section 496, Kentucky Statutes, it is only an antecedent creditor who must, in order to come within the protection of the Statute, acquire a lien on the property prior to the recording of the instrument transferring or encumbering it. A discussion of this Statute and the interpretations placed upon it both prior and subsequent to the amendment of 1916 will be found in the following cases: Huff et al. v. Russell et al., 267 Ky. 515, 102 S. W. (2d) 984; Kerrick v. West et al., 211 Ky. 807, 278 S. W. 128; Larimore et al. v. Perkinson et ux., 208 Ky. 382, 271 S. W. 69; Mason & Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833; First National Bank of Williamson, W. Virginia, v. Williamson et al., 273 Ky. 116, 115 S. W. (2d) 565. The record before us discloses the date on which the execution was issued and the date on which it was levied but does not disclose when the indebtedness of the Allens to appellants arose. Hence, it is necessary that we assume that it arose prior to the execution of the unrecorded deed. The issues thus presented for decision are whether appellants at the time they caused the execution to be levied had notice of the title vested in the Spauldings by the unrecorded deed, either from information imparted by Spaulding when Carter called upon him or from the fact that the Spauldings were residing in the property. The proof showed without contradiction that the Spauldings in 1927 had purchased the land for $1000 from their son-in-law, Allen, and on January 2, 1928, had received a valid deed which had never been recorded and that with their own means they had erected the residence. However, the proof showed without contradiction that Allen and his wife had also continuously resided in the property.

The Chancellor, without deciding whether appellants' attorney prior to the levy of the execution had received from Spaulding actual notice of the unrecorded deed, dismissed the petition, holding that under the principles announced in Stone v. Keith, 218 Ky. 11, 290 S. W. 1042, Chrisman v. Greer, 239 Ky. 373, 39 S. W. (2d) 676, and Powell's Trustee v. Powell, 232 Ky. 27, 22 S. W. (2d) 293, the fact that the unrecorded title holders occupied the property was sufficient to put creditors of the grantor upon notice, and, accordingly, that the unrecorded deed was not invalid as to creditors under the provisions of Section 496, Kentucky Statutes.

Counsel for appellants concede that where property

is sold by unrecorded deed and possession is taken by the purchaser and maintained thereafter it operates as notice to creditors and purchasers, but contend that where, as in this case the record title holder continues to reside in the property with the grantee in the unrecorded conveyance, the latter's possession is not inconsistent with title in the former and does not constitute notice. In this contention appellants' counsel are supported by both reason and authority. While there is no identical case decided by this Court, we said in Farmer et al. v. R. C. Tway Coal Company, 204 Ky. 356, 264 S. W. 743:

"Clearly, there is no merit in the contention that the mere presence of appellants on the land was sufficient to put A. B. Cornett on inquiry as to their title. It may be conceded that possession of land by a third person is sufficient to put a subsequent purchaser on inquiry, and charge him with notice of everything that ordinary diligence in pursuing the inquiry would disclose. Following this rule, it is held that the possession of a purchaser of real estate under an unrecorded deed is notice to the world that he has some claim which puts a subsequent purchaser upon inquiry and protects the possessor (Mitchel v. Metropolitan Elevated Railway Company, 56 Hun 543, 9 N. Y. S. 829, affirmed in 134 N. Y. 11, 31 N. E. 260; McLaughlin v. Shepherd, 32 Me. 143, 52 Am. Dec. 646); but the possession should be open, notorious, and exclusive, and not consistent with the record title, or such as to deceive the public. Townsend v. Little, 109 U. S. [504] 510, 3 S. Ct. 357, 27 L. Ed. 1014; Bell v. Twilight, 22 N. H. 500; Blankenship v. Douglas, 26 Tex. 225, 82 Am. Dec. 608; Truesdale v. Ford, 37 Ill. 210. Here the record title was in Perry Farmer. Appellants, who claim under the prior unrecorded deed, were only 8 and 12 years of age. Though it be true that their father spent a large portion of his time away from home, yet at the time of the purchase by A. B. Cornett they occupied the old log house in common with their mother. Under no view of the case can it be said that their possession was distinct or exclusive. On the contrary, their occupancy was like that of all other little children in every household, and therefore not inconsistent with the record title."

It is true that in the Farmer case, supra, the grantees were infants residing with the father, the grantor in the unrecorded deed, but the principle announced is applicable to the facts in the case at bar. The real question for decision is whether the occupancy of the property by the Spauldings constituted notice of their title. Had their occupancy been exclusive or inconsistent with Allen's title, the answer necessarily, under the authorities, would have to be in the affirmative. But in view of the fact that Allen was their son-in-law, living in the residence with his wife, their daughter, the joint occupancy of the property by the Spauldings was entirely consistent with Allen's title, and hence insufficient to put the latter's creditors upon inquiry. Were we to hold that Section 496, Kentucky Statutes, did not render invalid as to appellants the unrecorded deed held by the Spauldings, we would destroy many of the beneficial results sought to be accomplished by the Legislature in its enactment. As supporting these views, see the following authorities cited in the brief of appellants' counsel: Scott v. Carnes et al., 183 Ark. 650, 37 S. W. (2d) 876; Page v. Lindsey Mill Company, 208 Ala. 569, 94 So. 573; Whalen v. Schneider, 281 Ill. 557, 118 N. E. 41; O'Neal v. Prestwood, 153 Ala. 443, 45 So. 251; Campbell v. Grennan et al., 13 Cal. App. 481, 110 P. 156.

In deciding this case we have not overlooked appellees' contention that Spaulding informed appellants' attorney of the unrecorded deed prior to the levy of the execution. However, the burden of establishing such notice was upon appellees and Spauldings' testimony on the subject was wholly uncorroborated. As before pointed out, it is flatly contradicted by the attorney who was more definite as to the date of his visit.

Judgment reversed.