Desmond, J.
 

 A summary of the proof in this case is to be found in the dissenting opinion at the Appellate Division (6 A D 2d 848) and need not be repeated here. There was strong evidentiary support for the affirmed finding of fact that the parties in the 1954 transaction did not intend that the vendees should acquire thereby a right of way easement as to the private road or lane in dispute. We, therefore, deal with the assertion of those vendees that as matter of law such an easement was implied. The principal reliance of appellants is on the description of the westerly boundary as running “ along the east boundary ” of the private road. There was, however, no mention of an easement. We hold that this language of description did not require the implication of such an easement.
 

 One who claims an implied easement has the burden of establishing all the facts necessary to support it (Real Property Law, § 251;
 
 Zeiger
 
 v.
 
 Interborough R. T. Co.,
 
 254 App. Div. 908, affd. 280 N. Y. 516;
 
 Root
 
 v.
 
 Conkling,
 
 199 App. Div. 90, 93). We do not have here the situation of a grantor subdividing his property and selling lots bounding on a street shown on his subdivision map
 
 (Wiggins
 
 v.
 
 McCleary,
 
 49 N. Y. 346;
 
 Matter of Opening of Eleventh Ave.,
 
 81 N. Y. 436;
 
 Matter of Opening of St. Nicholas Terrace,
 
 143 N. Y. 621). Nor is this a case where a private right of way has been in use for many years and the surrounding circumstances show that it must have been the intent of the parties to give the grantee continued use of the passageway
 
 (Ranscht
 
 v.
 
 Wright,
 
 9 App. Div. 108, affd. 162 N. Y. 632). Merely bounding premises by a road (for purposes of description like using any other mark or monument) “ is very different from selling by reference to a map or plat on which the grantor has laid out streets ”
 
 (King
 
 v.
 
 Mayor of City of New York,
 
 102 N. Y. 171, 175). The controlling authorities say that the claim of an easement solely by implication usually raises a question of intent to be determined in the light of all the circumstances, and that running a boundary along a road is one such circumstance only
 
 (Matter of City of New York [Northern Blvd.],
 
 258 N. Y. 136,147, 148, 149;
 
 Erit
 
 v.
 
 Sea Gate
 
 
 *35
 

 Assn.,
 
 259 N. Y. 466, 470;
 
 Matter of City of New York [Harrison Ave.],
 
 267 N. Y. 64, 78).
 

 We affirm on the ground that the judgment below is soundly based on the finding of fact that there was in this instance no intent to grant an easement.
 

 The judgment should he affirmed, with costs.
 

 Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
 

 Judgment affirmed.