█ JEAN M. CRUICKSHANK, Respondent, v. PHILOMENA VALENTINE, Appellant.— Appeals (1) from an order of the County Court of Saratoga County, entered November 28, 1973, which granted plaintiff's motion for summary judgment in an action under article 15 of the Real Property Actions and Proceedings Law and (2) from the judgment, entered December 3, 1973, upon said order. In her moving papers, plaintiff submitted her affidavit and an abstract of title establishing her ownership in fee. In opposition thereto, defendant denied title in plaintiff and offered proof of her ownership by a deed in her name describing the same parcel. In addition, her answering affidavit seeks to establish title in her by adverse possession. On appeal defendant concedes she has no interest in the subject property by deed, but argues the trial court improperly granted summary judgment since factual issues which would determine the validity of her claim of title by adverse possession remain unresolved. We agree. Plaintiff maintains that the acts of possession alleged in defendant's affidavit do not suffice to establish either the types of possession and occupation called for under section 512 of the Real Property Actions and Proceedings Law or the continuity of such possession for the requisite statutory period. Even if correct in these contentions, and we express no opinion thereon, it was unnecessary for defendant to lay bare her proof of adverse possession at this juncture of the case. Although plaintiff requested that such a defense be struck, her moving papers alleged nothing contrary to that defense. Instead, she sought only to establish the validity of her own title which, as noted, now stands conceded. Under such circumstances, plaintiff should not be further aided because defendant fortuitously elaborated upon a alternative theory of ownership in a supposedly insufficient manner. By its very nature, the elements of adverse possession ordinarily call for the proof and settlement of inherently factual matters (cf. *Bernat* v. *Echo Soc. of Niagara Falls*, 7 N Y 2d 914; *Ramapo Mfg. Co.* v. *Mapes*, 216 N. Y. 362) and, at least in the absence of an attack on the sufficiency of the pleading asserting it (see, e.g., *Reiter* v. *Landon Homes*, 31 A D 2d 538, mot. for lv. to app. den. 24 N Y 2d 738), such a claim should not be summarily resolved.

Plaintiff was entitled to partial summary judgment only to the extent that it would confirm the validity of her record title to the disputed property. Order and judgment reversed, on the law and the facts, without costs, and partial summary judgment granted adjudging plaintiff the record owner of the subject property. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.