■ FORTUNOFF SILVER SALES, INC., et al., Appellants, v EUSTON STATION, INC., Respondent, and PROVIDENCE CAPITAL REALTY GROUP, INC., Appellant.—In an action for a permanent injunction, plaintiffs appeal (1) as limited by their brief from so much of an order of the Supreme Court, Nassau County, entered March 26, 1979, as granted defendant Euston Station, Inc.'s (Euston's) cross motion for summary judgment dismissing the complaint and declared that Euston is possessed of an easement; (2) from an order of the same court, dated May 2, 1979, which modified the order entered March 26, 1979 by directing a hearing for the assessment of damages with respect to Euston's counterclaim and cross claims; (3) from an order of the same court, entered July 31, 1979, which, *inter alia,* granted the motion of Euston to resettle a judgment of that court entered May 15, 1979; and (4) as limited by their brief, from so much of a resettled judgment of the same court, entered July 31, 1979, as, *inter alia,* dismissed the complaint, declared that Euston is possessed of an easement over two parcels of realty, enjoined plaintiffs and defendant Providence Capital Realty Group, Inc., from interfering with Euston's obtaining access to its leasehold, and struck plaintiffs' and Providence's replies to Euston's counterclaim and cross claim for damages and directed a hearing to assess damages. (Defendant Providence appeals from parts of the resettled judgment.) Appeals from the orders entered March 26, 1979, dated May 2, 1979 and entered July 31, 1979, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Resettled judgment reversed insofar as appealed from, and cross motion for summary judgment denied. One bill of $50 costs and disbursements is awarded to the appellants appearing separately and filing separate briefs. We agree with Special Term's statement that where there is a claim of an easement solely by implication, it generally raises a question of the intent of the parties to be determined in light of all the circumstances (see *Tarolli v Westvale Genesee,* 6 NY2d 32, 34; *Matter of City of New York [Northern Blvd.],* 258 NY 136, 147). However, we disagree with the court's conclusion that on the record presented there were no material issues of fact to be resolved. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.