■ FENNICA BUILDERS, INC., Respondent-Appellant, v JEROME J. HERSH et al., Appellants-Respondents, and JAMES T. LOUCH et al., Respondents.—In an action pursuant to RPAPL article 15 to determine claims to real property, the defendants Jerome J. and Joanne Pines Hersh appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered January 18, 1989, as granted that branch of the motion of the plaintiff Fennica Builders, Inc. which was for partial summary judgment on its cause of action claiming it is the owner of an easement for ingress and egress over the "former bed of Dorian Court" conveyed to it by the City of Peekskill in the deed conveying a certain property, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for partial summary judgment on its claim that it is the owner of an easement appurtenant to another property and for partial summary judgment dismissing the defendants' affirmative defenses and counterclaims.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Upon review of the record we find that, contrary to claims of the defendants Jerome J. and Joanne Pines Hersh, the Supreme Court did not err in granting partial summary judgment to the plaintiff with respect to an easement granted to it in a deed issued in 1982 by the City of Peekskill (see, Pagano v Kramer, 21 NY2d 910). The city had acquired title to this property through a tax lien foreclosure. A purchaser from the city takes title as though it were a purchaser from the original owner (see, RPTL 1008 [1]). The original owner's certificate of abandonment of a subdivision pursuant to Tax Law former § 32 (now RPTL 560) did not evince an intention on the original owner's part to abandon the right of ingress and egress from the property to the nearby public way. However, contrary to the plaintiff's claims on appeal, it was entitled to partial summary judgment only to that extent.

With respect to the plaintiff's claim of an implied easement appurtenant to another property, the court correctly denied partial summary judgment. The reference to the abandoned street "Dorian Court" in the plaintiff's deeds was merely descriptive of the boundaries. The language of description did not imply such an easement, since the lot in question has frontage on another existing public way. One who claims an implied easement has the burden of establishing all the facts

necessary to support it *(see, Tarolli v Westvale Genesee,* 6 NY2d 32).

Moreover, the court did not err in determining it was necessary to hold a hearing on the counterclaim of the defendants Hersh which alleged that the plaintiff had abandoned the easement over the bed of "Dorian Court" by obstructing the way with debris. Similarly, the affirmative defense of adverse possession of the bed of "Dorian Court" raised by the defendants James T. and Judith A. Louch calls for resolution of issues of fact *(see, Spiegel v Ferraro,* 73 NY2d 622; *Cruickshank v Valentine,* 46 AD2d 824). Further, the measurements and scope of the easement must be determined by the court. Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.