Rosa Herzog, Appellant, v. The New York Elevated Railroad Company and Another, Respondents.

*Equity jurisdiction — action to restrain the operation of an elevated railroad — not maintainable (after consent by the city) by one succeeding to its ownership.*

The powers of a court of equity cannot be invoked for the purpose of working an injustice.

Upon the trial of an action brought to restrain the maintenance and operation of an elevated railroad, it was shown that prior to June, 1885, the premises in question were owned by the mayor, aldermen and commonalty of the city of New York, and were thereafter conveyed to the plaintiff. Prior to that date the defendants' elevated railroad had been erected and was in operation in front of the premises, pursuant to the authority of law, the consent, in writing, of the city of New York having been first given to the construction thereof.

*Held,* that the city of New York, being the owner of the premises in question, and also of the fee of the street, when it consented to the construction of the railway upon such street, parted with all claim to compensation for the use of the easements in the street by said railroad;

That as the railroad was built with the consent of the then owner of the premises, it would be inequitable to permit a subsequent owner, buying the premises with knowledge of such consent, to enjoin the operation of the road.

APPEAL by the plaintiff, Rosa Herzog, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 14th day of December, 1891, rendered upon the decision of the court after a trial at the New York Special Term, dismissing the plaintiff's complaint, and for costs.

*R. K. Ingalls,* for the appellant.

*E. B. Thomas,* for the respondents.

VAN BRUNT, P. J.:

This action was brought in equity to restrain the further maintenance and operation of the defendant's road in front of the premises of the plaintiff situated on Third avenue in the city of New York, and incidentally to recover damages already sustained by the plaintiff to the fee, and for loss of rents of these premises caused by the maintenance and operation of the defendant's railroad.

Upon the trial it appeared that prior to June, 1885, the premises in question were owned by the mayor, aldermen and commonalty of the city of New York, and on such date were conveyed to one Korn, who, on the 15th of July, 1885, conveyed the same to the plaintiffs. Prior to this time the defendant, the New York Elevated Railway Company, had erected its road along Third avenue in front of the premises, which were subsequently conveyed to the plaintiff, pursuant to authority of law, the consent in writing of the corporation of the city of New York being first duly given to the construction of said road, and were operating the said road at the time of the conveyance to said Korn, and by Korn to the plaintiff.

Upon this state of facts the court below dismissed the complaint, and from the judgment thereupon entered this appeal is taken.

We might very well base our decision upon this appeal upon the opinion delivered by the judge in the court below, he showing that the mayor, aldermen and commonalty owning the fee of the street of Third avenue for a public use, when they granted the easement of such street pursuant to legislative authority necessarily conveyed all rights which, as the owners of property abutting upon said street, they might possess therein.

In other words, that the corporation of the city of New York,

being the owner of the premises now claimed by the plaintiff, and also of the fee of the street (impressed it is true with a public use), when it consented to the construction of this railway upon said street, it parted with all claim to compensation for the use of easements in said street by the railroad company, which affected its property abutting thereon.

But there is another view of this case which seems to be fatal to the right of the plaintiff to maintain this action. The road, the operation of which this action is brought to enjoin, was built by and with the consent of the owners of the premises in question ; and it would be inequitable now to permit a subsequent owner buying said premises with knowledge of such consent, to enjoin the operation of the road in violation of its terms. Even if an action for damage might be sustained, a court of equity would not, under such circumstances, intervene, and by injunction restrain the operation of the defendant's road. It is a familiar principle in equity jurisprudence that the powers of a court of equity cannot be invoked for the purpose of working an injustice.

We are of opinion, therefore, that the judgment should be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.