GAYNOR, J.  The learned trial judge made a finding of fact of substantial performance of the contract by the plaintiff, but deducted from his recovery an item of $100 to pay for covering some hot water pipes with asbestos, the obligation to do which was left uncertain by the words of the contract, another of $100 to repair damage to some stucco caused by it being laid on brick that was too moist. There is a deduction of another item which does not enter into the question of performance. The learned judge in doing so followed the law as it had been long laid down and followed in this state, especially in respect of building contracts, i. e., that substantial performance is performance, and that in such a case deductions may be made from the contract price for small omissions or defects in the work occurring in good faith. Glacius v. Black, 50 N. Y. 145, 10 Am. Rep. 449; Rowe v. Gerry, 112 App. Div. 358, 98 N. Y. Supp. 380; Ramstedt v. Brooker, 113 App. Div. 45, 98 N. Y. Supp. 1044. The contract price in this case was $29,400, to which was added about $3,000 for extra work. It cannot be said as matter of law that by reason of the omission and the defect for which the learned trial judge made a total deduction of $200 the contract was not performed, i. e., substantially performed, and that therefore the plaintiff cannot recover on a complaint for performance—has, in fact, forfeited the right to recover at all. There are cases where the omissions or defects are so large as to require a conclusion as matter of law that the contract was not substantially performed, or the same conclusion may be required by their being willful and intentional; but this is not such a case. The question here was one of fact, and the finding of the trial judge thereon is sufficiently supported. The trial was long, laborious and painstaking, and the result should not be disturbed.

The judgment should be affirmed.

Judgment unanimously affirmed, with costs.

---

(121 App. Div. 282)

### SMYTH v. BROOKLYN UNION ELEVATED R. CO. et al.

(Supreme Court, Appellate Division, Second Department.  July 23, 1907.)

LICENSES—RIGHTS IN REAL ESTATE—REVOCATION.

An instrument under seal, executed by one owning the fee to the center of a street and premises abutting thereon, which recites that an elevated railway company is operating its road in front of the premises, and which declares that the owner consents thereto and that he discharges the company from all demands for compensation arising therefrom, is a license only, and is revoked by his conveyance of the premises to another, who may enjoin the company from maintaining and operating the road in front of the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Licenses, § 125.]

Appeal from Special Term, Kings County.

Action by George W. Smyth against the Brooklyn Union Elevated Railroad Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Charles L. Woody, for appellants.

Cyrus V. Washburn (George W. Sickels, on the brief), for respondent.

MILLER, J. This is an action in equity to enjoin the maintenance and operation of an elevated railroad in front of the plaintiff's property. The plaintiff, who owns the fee to the center of the street, derived title from the Brooklyn City Railroad Company. The latter on June 3, 1893, gave to the Kings County Elevated Railroad Company, the defendants' predecessor, a written consent, which, after reciting that said Kings County Elevated Railroad Company then maintained and operated its elevated road in front of said premises and that said Brooklyn City Railroad Company had agreed that the former might so maintain and operate its road, contained the following provisions:

"Now, therefore, in consideration of the premises and the sum of one dollar, paid by the party of the second part to the party of the first part, the receipt whereof is hereby acknowledged, said party of the first part doth hereby consent that the party of the second part may pass all depots, stables, power stations on the said above-described premises, and maintain its elevated railroad structure on and over said street, and operate its elevated railroad thereon, as the same is now constructed, without compensation therefor to the party of the first part. And the party of the first part, for itself, its successors and assigns, hereby releases and discharges the party of the second part, its successors and assigns, from any and all claims and demands for any such compensation arising from or connected with such maintenance of said structure and the operation of its railroad, as now constructed and operated."

The consent is under seal, but is not acknowledged or attested by subscribing witnesses. The trial court held that the consent was a mere license, revoked by the conveyance to the plaintiff, and hence that it was not a bar to the maintenance of this action. I think it reasonably clear that the instrument in question is not a grant. A consent or license to do a thing upon the lands of the licensor is not a grant, and creates no estate or interest in said lands. The instrument in question only purports to be a consent or license. It contains no language appropriate to grant a right in perpetuity. The clause containing the release does not purport to release damages to accrue in the future. In fact, while the consent was operative, no damages would accrue, because the consent was that the licensee might operate its elevated railroad without compensation to the licensor, and it must be assumed that the damages released were such as had already accrued. When the consent was given, the defendants' predecessor was a trespasser. Damages for such trespass were released, and so long as the consent remained operative the occupancy of the street as to the party consenting was rendered lawful.

But the appellants rely upon a line of authorities, commencing with White v. M. R. Co., 139 N. Y. 19, 34 N. E. 887, to establish the proposition that the consent amounted to an abandonment of the easements of light, air, and access. To my mind it is only necessary to refer to a single element in this case to distinguish it from those cases. The plaintiff owns the fee to the center of the street; whereas,

in the cases relied upon, the plaintiffs were abutters merely. While an easement which is appurtenant to land may be abandoned by acts clearly evidencing an intent to abandon, I am unable to perceive how an easement can be acquired from the fee owner upon any theory of abandonment. The plaintiff in the case of Herzog v. N. Y. Elevated R. R. Co., 76 Hun, 486, 27 N. Y. Supp. 1034, affirmed on opinion below 151 N. Y. 668, 46 N. E. 1148, was an abutter merely, and did not own the fee to the center of the street, as the appellant seems to assume. Her grantor, the city, owned the fee of the street and consented to the construction of the road prior to the plaintiff's grant. The situation was the same as though the plaintiff herself as an abutter merely had given said consent prior to such construction. We need not now determine what would have been the effect of the consent if the road had been constructed upon the faith of it.

The judgment must be affirmed.

Judgment affirmed, with costs. All concur.