OPINION of the Court, by
Ch. J. Boyie.
This is a controversy for a Jot in the town of Lexington. The complainants set up claim, to it ⅝⅝the heirs of Josepli Lindsey, who they allege became entitled thereto under the act of 1779, in virtue of a settlement made by him in said town ; and they charge in substance that one Morrow being entitled to another lot in said town, assigned the same to John M’Kinny, who assigned it to William Murray ; that Murray fraudulently procured the trustees of said town, in whom the legal title was vested, to convey to him the lot to which their ancestor was entitled, instead of that belonging to Morrow ; that Murray, sold and conveyed to divers persons, who conveyed to others, until it came to the hands of the present tenauts ; who. together with M’Kinny and the trustees of Lexington, are made defendants. The complainants also cha -ge that the defendants, and each of them, had notice of their better right before they purchased.
The points relied on by the defendants, are, 1st, that the ancestor of the complainants was not entitled to a lot as a settler tinder the act of 1779 ; 2d, that the lapse of time is a bar to their relief: and 3dly, that the. tenants in possession are purchasers, for valuable consideration, without notice.
Upon a final hearing the court below dismissed the bill; and the complainants have brought the case to this court by writ of error.
We deem it unnecessary to notice particularly the first and second points relied on by the defendants, as we arc clearly of opinion that the third point opposes an insuperable objection to the relief sought by the complainants.
It is not pretended that the tenants in possession, or any of those through whom the legal title has passed from the trustees, had express notice of the complainants’ claim prior to their respective purchases; and We cannot suppose, as was contended in argument for the complainants, that the memorandum kept by the trustees in their books of the distribution of the lots amongst the actual se ttlers, affords a ground for presuming notice. It was no doubt most convenient for the trustees to keep such a memorandum; but they were not required by law to do so $ and a mere private me- *483 ! morandum given to each party entitled, Would have been sufficient. We cannot, therefore, consider the memorandum kept by the trustees a record, in the technical sense of the .word, from which notice ought to be presumed. Besi:les, a mere parol assignment or direction by the proprietor, would have been sufficient to warrant the trustees to make the conveyance to the assignee or person to whom the trustees were so directed to convey; and a-title which may thus pass by parol, cannot upon any rational principle be presumed to be known.
But admitting that there be no express or presumptive notice, still the complainants contend that they would have a right to succeed in this case, because the defendants have not alleged themselves to be purchasers for a valuable consideration, without notice, with such certainty and precision as to enable them to avail themselves of that ground of defence. The allegations of the defendants upon this point are no doubt defective; but those of the complainants are still more so. It appears from the bill itself that there were divers persons through whom the legal title passed after it was conveyed by the trustees to Murray, before it came to the hands of the te-nantsln possession, none of whom are alleged to have had notice of the complainants’ claim; and according to the well settled doctrine the tenants in possession, though they had notice before they purchased, may protect themselves under those who purchased without notice. The bill, therefore, is in this respect totally defective, and docs not make out a case which would entitle the complainants to relief.
Decree affirmed,