Judge Mills
delivered the opinion of the court.
This case has been twice before in this court. The first time it had been dismissed by the court below on demurrer. This decision was reversed and the demurrer overruled as to some of the claims, against which the complainants prayed relief. On the second occasion it was brought here by the present appellants, against whom a decree had then been pronounced, and was reversed on the ground that Mrs. Helm, a feme covert heir of John Larde, whose entry is set up in the bill, had not regularly conveyed her interest by deed, as the act of assembly required, to some of the complainants who had set up her title in these suits, and it was sent back for further proceedings. These decisions are reported in 2. Bibb, 484—and 4 Bibb, 482. To which reference is now had for a more full explanation of the case.
When the cause returned to the court below, after this last reversal, the complainants amended their bill, alledging a purchase and full payment of the consideration by them to Helm and wife, and that she had acknowledged and delivered the deed, and that it was executed by bet freely and voluntarily, without the threats and persuasions of her husband; and they make both Helm and wife defendants, and pray that at the proper costs of the complainants the suit may be prosecuted against them, and that they may be compelled to release and convey to them a complete title.
To this amendment Helm and wife answered, admitting the facts stated in the amended bill; and that they are willing to release and convey all their interest in the claim to the complainants in the court below. In this situation the cause came on for trial, and the court below again sustained the entry of Larue, and decreed that the present appellants should convey and surrender their claims, But the court gave no decree as to the defendants, Helm and wife, and as to them the cause appears not to be heard; and the only advance the appellees have made towards making their title more complete than it was, when last decided by this court to be insufficient, is, the procurement of the acknowledgement of Helm and wife, as above detailed, and a willingness to complete the title. From this decree the *487 heirs of Stansberry have again appealed; and the first error assigned questions the propriety of these proceedings without a previous decree against Helm and wife, or the completion of title in the complainants.
If in a contest for lands the compl’nt she is an equity under an executory contract, while the fee rests in another, he sho’d before the decree, procure the legal title, or a decree for it, simultaneously with the decree in chief.
The proceeding in chancery in this country on the specialty of an entry against an elder grant, usually tries legal questions only, and is in the nature of a writ of right, and as has often been decided, can be maintained only by those who have the fee simple estate legally vested in them, and sometimes has been indulged in favor of those who held an equity only by executory contract, but never then allowed, unless that equity was first completed by a decree for the legal estate. This rule is founded on the best reason. If those who held defective titles should be permitted to draw others into the contest of entry against entry, the decision would be of no avail, if the opposite party were successful; but those who held the complete legal estate, not having been parties to the first contest, could assert their rights, and retry the matter, and thus the opposing party might be subjected to more than one investigation of the same controversy. It was because the complainants had not a complete title, and that Mrs. Helm could not be affected by the proceedings, and might, in case she survived her husband, or her children or heirs after the death of both parents, destroy the effect of her defective conveyance, and with it the decree in this cause, that this court reversed the complainant's last decree. To remedy this, they have since taken as much pains to procure an answer from Helm and wife, as would have been sufficient to procure a complete release of the estate. But without such release, as would have been incontestible, and indeed without any decree against Helm and wife for such release, but with the naked acknowledgements and admission of their answer, the cause is again brought to trial and decree.
We cannot see how the mere acknowledgements of Mrs. Helm, made in the form of an answer, even with the sanction of an oath, can be more obligatory upon her than her former conveyance. The suit, might be and still is depending in the court below as to them. If the appellees were successful here on the merits, that suit might then be dismissed, and the appellants subjected on the claim of Mrs. Helm to a future investigation of the subject. This court on this point, therefore, cannot sustain the decree of the court below, and it must be reversed with costs, and the *488 cause remanded, with directions there to enter a decree dismissing the bill without prejudice, unless the complainant shall produce, in a reasonable time, the complete title of Mrs. Helm, or shall so proceed in this suit as to procure such title, or procure a decree for the same.