# Bailey and Wife v. Southern Ry. Co.

PETITION FOR REHEARING DENIED. FOR FORMER REPORT SEE 60, S. W., 631.

CORPORATIONS—LIABILITY FOR DEBTS OF VENDOR.

Under Constitution, section 203, providing that "no corporation shall lease or alienate any franchise so as to relieve the franchise or property held thereunder from the liability of the lessor or grantor, lessee or grantee, contracted or incurred in the operation, use or enjoyment of such franchise, or any of its privileges," the purchaser of the tangible property of a railroad corporation is not charged with the contract duty of the vendor to maintain a fence on each side of its right of way through certain lands, the purchaser having no notice of the contract at the time of his purchase.

RESPONSE BY JUDGE O'REAR.

Per Curiam. Appellant complains that we did not notice in the opinion the provision of section 203 of the Constitution. The section was considered, but deemed not to be applicable. The section is as follows: "No corporation shall lease or alienate. any franchise so as to relieve the franchise or property held thereunder from the liability of the lessor or grantor, lessee or grantee, contracted or incurred in the operation, use or enjoyment of such franchise, or any of its privileges." The word "franchise," as here used, is the corporate existence, or charter privileges, as distinguished from the corporeal property of the corporation. The words, "or property held thereunder," have reference to such public duty, obligations, or servitude as may be imposed, by virtue of the "franchise," on the tangible property of the corporation. The construction asked for by appellant would deny the doctrines of estoppel, notice, and other similar defenses erected upon considerations of public policy and common honesty, when urged in behalf of a corporation in such transactions as in this case. Such could not have been the intention of the framers of the Constitution in the preparation of an instrument which they proposed should, and believed did, provide for "equal rights to all, exclusive privileges to none." Petition overruled.