## Varney v. Deskins, et al.

(Decided December 15, 1911.)

### Appeal from Pike Circuit Court.

1. Deed—Cancellation—Bona Fide Purchaser—Finding of Chancellor.—In an action to cancel certain deeds on the ground that the land had been previously conveyed by deed which was not recorded, and the further ground of the incompetency of defendant's grantor, evidence examined and held to sustain the chancellor's finding that the grantee in the second deed was an innocent purchaser for value without notice.

2. Purchaser from Bona Fide Purchaser for Value Without Notice.—A purchaser from a bona fide purchaser for value without notice is protected against prior equities.

WILLIS STRATTON for appellant.

BUTLER & MOORE, J. M. ROBINSON, ROSCOE VANOVER and CHILDERS & CHILDERS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, Commissioner—Affirming.

On January 15, 1900, Anderson Varney and his wife signed, acknowledged and delivered to their son Melvin Varney a deed to a small tract of land in Pike county, Kentucky, Melvin Varney delivered the deed to his sister for safe keeping. Shortly thereafter, Melvin Varney, though he was an infant only twenty years of age, sold the land by oral contract to his brother, Henry Varney. The consideration was $175.00, for which Henry delivered to Melvin a mule valued at $100.00, two shot guns, some geese and hogs and $25.00 in cash.

according to Henry's testimony this was the full value of the land. Subsequently, Henry Varney sold the land to Thomas Deskins, and for this purpose the deed executed by Anderson Varney to Melvin Varney was obtained from Melvin's sister, Lydia May, and the parties repaired to the house of Anderson Varney whereupon he and his wife executed and delivered to Deskins a deed to the land in question. It is evident the parties thought that as the deed to appellant had not been put to record, the title was still in Anderson Varney. About two years later, Deskins sold and conveyed the land to his sister, N. J. Phillips. In the spring of 1907, N. J. Phillips and her husband sold the timber on the land in question to H. G. Rush; and on May 25, 1907 they sold the land to Polly A. Williams. The deed to Polly A. Williams embraced two tracts, and the whole consideration was $600.00, of which $380.00 was paid and $220.00 was due at the time Polly A. Williams testified in this case.

Appellant, Melvin Varney, brought this suit against Thomas Deskins and N. J. Phillips for the purpose of canceling the deeds from Anderson Varney to Thomas Deskins and from Thomas Deskins to N. J. Phillips. Subsequently, Polly A. Williams and H. G. Rush were made parties defendants. Appellant bases his right to recover on the fact that the land had been previously conveyed to him, and the further fact that his father, Anderson Varney, at the time of the making of the deed to Deskins, was mentally incapable of entering into such a transaction. All the defendants answered, pleading that they were innocent purchasers for value without notice either of appellant's deed or of his father's incompetency. Upon a submission of the case appellant was denied relief, and he prosecutes this appeal to review the propriety of the finding.

At the time appellant filed his suit, he was not in possession of the deed upon which he relied, but it subsequently developed that it was in the possession of N. J. Phillips and her husband, who upon being ruled produced it in court. As this deed was in possession of the Phillips, it is insisted that this was sufficient proof that they purchased the land with notice thereof. Both Mrs. Phillips and her husband, W. T. Phillips, who attended to the transaction for her, swear that the trade was closed without their knowing anything

of the deed in question. They testified that at the time of the transaction all the purchase money was paid, part in cash and part by assigning a note without recourse; that shortly after the transaction was closed, Thomas Deskins said to them they had better take these deeds, and W. T. Phillips thinking they were deeds from prior owners of the land, took them and without examining them placed them in his saddle pockets, carried them home and deposited them in a safe. Both Mr. and Mrs. Phillips also testified that they knew nothing of Anderson Varney's mental condition when the trade was made. Their evidence is corroborated by that of Thomas Deskins who claims that he said nothing either to Mr. or Mrs. Phillips, before the deed was made to them, with reference to the deed to Melvin Varney; that after the trade was closed he delivered that deed along with others to W. T. Phillips under the circumstances detailed by the latter. In our opinion, the explanation given by all these parties is sufficient to overcome the strong presumption of notice arising from the possession of the deed. While there is substantial evidence, pro and con, as to the mental condition of Anderson Varney when he made the deed to Deskins, there is nothing in the record tending to show that his incompetency, if any existed, was known to either N. J. Phillips or her husband, who acted as her agent. Upon these facts, we are not inclined to disturb the finding of the chancellor to the effect that N. J. Phillips was an innocent purchaser for value without notice.

As to the other appellees, Polly A. Williams and H. G. Rush, the weight of the evidence is to the effect that they purchased without notice; but even if they had notice the law is well settled that a purchaser with notice from a bona fide purchaser for value without notice will be protected against prior equities. (Am. & Eng. Ency. of Law, Vol. 23, page 477; Moore v. Dodd, 1 A. K. Marshall, 140, and Lindsey v. Rankin, 4 Bibb, 482.) The wisdom of this rule is well illustrated in this case, for at the time Polly A. Williams testified she still owed a balance on the land in question, which was due to N. J. Phillips, and if it could be subjected by appellant on the ground that Polly A. Williams was not a purchaser for value, the effect would be to deprive N. J. Phillips

of her rights as a bona fide purchaser for value and without notice.

As to whether appellant is entitled to a personal judgment against Thomas Deskins, no opinion is expressed as the pleadings are not sufficient to present this question. This is an action to cancel certain deeds and recover the land. (Arnett's Com. v. Owens, &c., 23 Ky. Law Rep., 1409).

Judgment affirmed.