### Salyer, et al. v. Elkhorn Land & Improvement Company.

(Decided November 30, 1915.)

#### Appeal from Pike Circuit Court.

1. Vendor and Purchaser—Notice of Equities.—In the absence of actual or constructive notice of equities claimed by third parties, a purchaser, for value, who has acquired the legal title by conveyance, recorded or lodged for record, has superior claim.

2. Appeal and Error—Finding of Chancellor.—The chancellor's judgment will not be disturbed on appeal unless against the preponderance of the evidence.

CHILDERS & CHILDERS for appellants.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE NUNN.—Affirming.

Appellants, Ira Salyer, and the heirs-at-law of his deceased brother, Elbert Salyer, claim to be the owners of a tract of land containing 165 acres, which is in the possession of and claimed by the appellee. They bring this suit to recover the land. Their claim is based upon an alleged conveyance from Al Swinney. The alleged

deed was never recorded nor was it ever lodged for record. It is lost, and, as appellants say, through the machinations of appellee. There is evidence tending to show that such a deed was executed by Swinney to Elbert and Ira Salyer, and their mother, Elida Salyer. The evidence offered in their behalf, however, is conflicting as to whether the title was conveyed to these parties jointly or to Elida Salyer for life and Elbert and Ira Salyer in remainder. It is claimed that the deed was executed by Swinney a year or so prior to April, 1890.

Anyhow, on April 9, 1890, after the alleged Salyer deed, James Swinney and wife conveyed this land to W. M. Polly & Company by deed duly acknowledged and recorded for a cash consideration of $1,500. In that year the appellee company was incorporated. Its stockholders were the partners composing the firm of W. M. Polly & Company, and, on October 24, 1890, the corporation acquired title to the land from the partnership in consideration of stock in the corporation. This deed was also duly acknowledged and recorded. Waiving the question as to whether appellants, under the prior unrecorded deed from Swinney, took a remainder or present fee title to the land, and imputing to the Elkhorn Company whatever notice that Polly & Company may have had as to equities of the Salyers, it is clear that such equities, whatever they may be, can not prevail, unless Polly & Company had actual or constructive notice thereof. In the absence of notice a purchaser, for value, who has acquired the legal title by conveyance, recorded or lodged for record, has superior claim. Kentucky Statutes, sec. 496; 39 Cyc., 1647.

The chancellor found, as a matter of fact, that Polly & Company purchased the land for a cash consideration of $1,500, without notice or information of the prior Swinney deed to the Salyers or of any equities in their behalf, and that the purchase of the Elkhorn Company from the Polly Company was also for a valuable consideration, and it, too, was an innocent purchaser without notice of the Swinney deed or claim thereunder by the Salyers.

As we have already observed, the testimony in behalf of the Salyers as to the execution of their deed and the character of title they took thereunder is vague and indefinite. On the question of notice, the evidence pre-

ponderates in favor of the chancellor's finding that appellees were innocent purchasers without notice. The chancellor's judgment will not be disturbed on appeal unless against the preponderance of the evidence.

The judgment is affirmed.