## Fields, et al. v. Stamper.

(Decided October 23, 1917.)

### Appeal from Carter Circuit Court.

1. Vendor and Purchaser—Bona Fide Purchaser—Deed as Mortgage.—A purchaser for value from the vendee in a deed absolute on its face, but in fact a mortgage, cannot be evicted by the vendor in the deed, unless he had notice of the secret defeasance.

2. Vendor and Purchaser—Action Against Bona Fide Purchaser—Pleading.—In order to evict a purchaser for value from vendee in a deed absolute on its face, but in fact a mortgage, the plaintiff in the action must allege and prove, not only the secret defeasance, but also that the purchaser had knowledge of it.

3. Mortgages—Deed as Mortgage—Evidence.—Evidence held to show that a deed, absolute on its face, was executed and delivered under parol agreement to secure a debt and to reconvey the land to vendor's wife.

4. Vendor and Purchaser—Records—Notice.—The record of a will under which there is a devise of land conveyed by the testator prior to execution and probation of will, by a deed absolute on its face, but in fact a mortgage, is not notice to the purchaser from the vendee in the deed of its secret defeasance.

5. Vendor and Purchaser—Duty of Purchaser.—Where a purchaser for value inspects the records where evidence of title and encumbrances should be recorded and finds nothing certainly informing him of any outstanding equity, his vendor being in possession, he is protected against such equity.

6. Vendor and Purchaser—Bona Fide Purchaser—Evidence.—Evidence held to show that the purchaser from the vendee in a deed absolute on its face, but in fact a mortgage, did not have notice of the secret defeasance.

L. D. KENNARD and R. T. KENNARD for appellants.

G. W. E. WOLFFORD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellee, Lincoln Stamper, filed this action in the Carter circuit court against J. S. Garvin, W. J. Fields, and others, alleging that, as devisee of his father, William Stamper, he was the owner of an undivided three-fourths interest in sixty acres of land in Carter county, subject to the life estate of his mother, Cynthia Stamper, in and to two-fourths thereof, and that the remaining one-fourth was owned jointly by W. J. Fields, George Ervin and Willie Ervin. He prayed that the land be divided among these alleged owners, according

to their stated interests therein; and, in addition, that a deed from Cynthia Stamper to J. S. Garvin and all deeds conveying this tract of land, since the probation of the will of William Stamper, be set aside and adjudged as naught, although the petition did not otherwise refer to, or describe, any such deeds, or set up any grounds for their cancellation.

Of the defendants, only J. S. Garvin and W. J. Fields answered. They denied that the plaintiff was the owner of any of the land or that his father, William Stamper, owned the same at the time of his death; and alleged that his will, in which he attempted to devise it, was therefore void. They also alleged that the defendant, W. J. Fields, was the owner of the land under the following chain of title: That many years ago the decedent, William Stamper, had executed a mortgage on the land to one Davis to secure a note; that Davis assigned the note and mortgage to the Second National Bank of Ashland, Kentucky; that the bank sued on the note and mortgage and secured a judgment, under which the land was sold and conveyed to the bank; that thereafter, on March 12, 1901, the bank and William Stamper conveyed the fee simple title to the land to Eliza Armstrong; that in 1907 Eliza Armstrong conveyed it to Cynthia Stamper; that in 1911, for a valuable consideration, she conveyed it to J. S. Garvin, who, in turn, conveyed it to W. J. Fields. Plaintiff, by reply and amendments thereto, admitted the several conveyances constituting the chain of title of defendants, and alleged that the deed, absolute on its face, from the bank and William Stamper to Eliza Armstrong was, in fact, a mortgage to secure the payment of a loan made by her to William Stamper; that Stamper, in his lifetime and before the execution of the will, had fully satisfied the mortgage loan, to secure which the deed was executed, but had neglected to have Mrs. Armstrong reconvey the land to him, as she had verbally agreed to do upon repayment of the loan; that the deed from Mrs. Armstrong to Cynthia Stamper after the death of William Stamper, was in violation of this contract, without consideration, and, therefore, void. The allegations of the reply that the deed to Mrs. Armstrong was, in fact, a mortgage, and that the deed from her to Mrs. Stamper was without consideration and void, were traversed by subsequent pleadings of defendants, Garvin and Fields, in which they alleged that they were *bona fide* purchasers, for value, without notice of any

infirmity in any conveyance forming the chain of title under which they claim; and these affirmative allegations were traversed of record, by consent of the parties.

It is apparent, therefore, that the main issues of fact presented by these pleadings are: Whether or not the deed from the Second National Bank and William Stamper to Eliza Armstrong, absolute on its face, was, in fact, a mortgage; that it had been satisfied by William Stamper before the execution and probation of his will; and whether or not the defendants, or at least Garvin, had notice of these facts.

Upon these issues, the burden of proof was upon plaintiff, for, without such proof, he could not recover.

Much proof was taken to show that the deed from Stamper and the bank to Mrs. Armstrong was, in fact, a mortgage, and that the defendants had knowledge of the execution and probation of the will of William Stamper before their purchases; but, strangely enough, there is not one word of evidence introduced by plaintiff as to whether or not the defendants, or either of them, had any knowledge that the deed to Mrs. Armstrong was, in fact, a mortgage, or other than what it purported to be, an absolute deed. This is really the one vital issue in the whole litigation, without proof of which it would seem plaintiff could not recover the land; for, even though the deed to Mrs. Armstrong was, as between the original parties, in fact, a mortgage, that fact would be of no avail as against a *bona fide* purchaser for value and without notice, a rule too well established, it would seem, to need the citation of authorities. Smith v. Noble, 174 Ky. 15; Varney v. Diskens, 141 S. W. 411; 27 Cyc. 991. The chancellor, in his judgment, as shown by his written opinion, made a part of the record, overlooked entirely, as had the plaintiff, this vital question of whether or not the defendant, Garvin, had notice of this latent infirmity in the deed to Mrs. Armstrong, under which, it is admitted, defendants derived title. Having admitted defendants' title, for a valuable consideration, under conveyances in which there were no apparent defects, it seems to us that it was necesary, before plaintiff could recover the land from defendant, Fields, to prove not only the defects alleged in the deeds to Mrs. Armstrong and to Mrs. Stamper, but also that the defendant, Garvin, took his title under these conveyances with notice of these defects, although there is authority to the effect that one, pleading that he is a *bona fide* purchaser

without notice, must prove it, as well as to the contrary. 39 Cyc., p. 1780, section 6a, and notes.

It is satisfactorily shown that the deed from Stamper and the bank to Mrs. Armstrong was executed only for the purpose of securing to Mrs. Armstrong a loan she had made to Stamper, and that there was some kind of a verbal agreement between them by which, upon repayment of the loan, Mrs. Armstrong was to reconvey the land. But, whether this reconveyance was to be made to Stamper, as contended by plaintiff, or to his wife, as contended by defendants, there is no competent direct proof whatever; and the only circumstantial evidence upon this question is the fact that, although Stamper lived for nearly three years after his repayment of the loan, he did not secure a reconveyance to himself, although living but a short distance from Mrs. Armstrong, with ample opportunity to have had a reconveyance to him, if such were the agreement; and also the fact that at that time Stamper was in debt and in trouble for the alleged offense of selling liquor illegally; and the still more persuasive fact that Mrs. Armstrong did not reconvey to Stamper, but did convey to his wife. These facts are strong circumstantial evidence that the verbal agreement between Stamper and Mrs. Armstrong was that the land should be conveyed, upon payment of the debt, not to Stamper, but to his wife; that the conveyance was delayed on account of Stamper's financial affairs; for, it is hard to believe that Mrs. Armstrong would have assumed the liability of conveying the land to another, if she was under an agreement to convey it to Stamper, and especially would this be true if she had knowledge of the existence of the will Stamper had executed, which had been probated some time before she made the conveyance to Mrs. Stamper. Nor is the force of these circumstances destroyed by the fact that Stamper, after a lingering illness and but a few days before his death, executed the will by which he attempted to devise land, the title to which he knew, if in possession of his faculties, was held by another. So, although it is proved that the deed to Mrs. Armstrong was subject to a secret trust, it is not clearly established that the conveyance of Mrs. Armstrong to Cynthia Stamper was not in accordance with the verbal condition between the parties with reference to the deed to Mrs. Armstrong; and the proof here would not warrant the conclusion that the secret agreement between Mrs. Arm-

strong and William Stamper established any right in William Stamper to claim, or to make disposition of, the land.

But we do not need to rest our decision solely upon this uncertain question of fact; nor is it necessary for us to decide upon whom rested the burden of proving whether or not defendants were innocent purchasers without notice, because, as stated before, there is a complete failure by plaintiff to prove notice or knowledge on the part of either of the defendants, Garvin or Fields, of any infirmity in either the deed to Mrs. Armstrong or to Mrs. Stamper, while defendants proved affirmatively that neither of them had any notice of plaintiff's alleged equity.

Nearly all of the evidence introduced by plaintiff was directed to whether or not the defendants, Garvin and Fields, at the time of their purchases, had notice or knowledge of the execution and probation of the will of William Stamper, which, at those times, was of record; but, this seems to us an immaterial inquiry, since, if it be admitted that they knew of the will, a knowledge of its contents is not proof of any infirmity in either of the deeds to Mrs. Armstrong and to Mrs. Stamper, but only proof that Stamper had attempted to devise something to which he had no title. It could do no more than to put the defendants upon inquiry as to whether Stamper was the owner of the land at the time of his death; and this was conclusively refuted by his deed to Mrs. Armstrong, unless defendants had knowledge of its alleged infirmity. So, we get back to the one vital issue, which appellee failed to establish by any kind of proof.

Upon the other hand, both Garvin and Fields testified, in which they are corroborated by numerous other witnesses, and not contradicted, that, at the time of their purchases, they not only examined the conveyances in their chain of title, but made inquiry of members of the family of Mrs. Armstrong, who was then dead, and of several members of the family of William Stamper, also deceased, including some of those named by him in his will as devisees, and by all of them they were assured that the conveyances from Stamper to Mrs. Armstrong and from her to Mrs. Stamper were perfectly good deeds and conveyed the fee simple title to the land, as they in terms purported to do. So, if we assume that defendants had knowledge of the will, by its being of record and from a reference to it in the deed from Garvin to Fields, and

of the possession of Stamper at the time of his death, presumably consistent with his deed to Mrs. Armstrong (Travis v. Bruce, 172 Ky. 390), the proof still shows that they made every inquiry that they, in reason, could make, and did not receive notice of any infirmity in the deed either to Mrs. Armstrong or to Mrs. Stamper, but received assurances from all sources, where they would be likely to find information, that the deeds were unassailable.

Watt Stamper, one of the devisees under the William Stamper will, and a witness for plaintiff, testified that he assured Garvin, before he bought the land, that the title of Mrs. Stamper to the land under the deed of Mrs. Armstrong was good, and that the will of William Stamper was not worth the paper it was written on. Garvin denies that Watt Stamper told him anything about the will, but says that he did assure him that the title of Mrs. Stamper was perfectly good.

Upon the necessity of notice to an innocent third party of a latent outstanding equity before a deed can be assailed, and of his duty to make inquiry with reference thereto, this court, in Bailey v. Southern Railway in Ky., 112 Ky. 424, under facts analagous to those here, said:

"Our system of registration of muniments of land titles is so effective, so simple, so well understood, and so generally employed, that we are disinclined to favor those latent equities founded on the neglect of plain, well-known statutory privileges, as against purchasers for value without notice. And, as to this notice, we rather incline to the view that when the purchaser has inspected the records where evidence of title and liens should be recorded, and finds nothing there certainly informing him of the outstanding equity, his vendor being in possession, he should be protected."

Both Garvin and Fields are proven to have purchased the land in controversy for valuable considerations, with the legal title admittedly in those under whom they claim, with no notice of any infirmity in any of the conveyances, except such notice as may have been conveyed by the execution and probation of the will of William Stamper which, under his prior conveyance to Mrs. Armstrong, was presumably a nullity, and that they made inquiries of those most likely to know of any outstanding equities, the original parties being dead, and that they were assured by these parties that the

deed was without defect, in the absence of any proof of actual knowledge of the true character of the Armstrong deed, it would be extremely inequitable to deprive them of the land and the judgment was unwarranted.

Wherefore, the judgment is reversed, with directions to the chancellor to dismiss the petition of appellee, and for proceedings consistent herewith.