## Kentucky Coal & Timber Development Co. v. Conley.

(Decided May 13, 1919.)

### Appeal from Knott Circuit Court.

1. Vendor and Purchaser—Notice—Records—Destruction.—Where the grantee in a deed, the record of which was destroyed by fire, failed for twenty-five years to have the deed recorded again, if in his posssesion, or to have the record restored in the manner provided by the statute, if the deed was not in his possession, the delay was such negligence on his part as to defeat his claim of title as against an innocent purchaser for value from his grantor.
2. Vendor and Purchaser—Notice—Evidence.—In an action for the recovery of land, evidence examined and held to show that plaintiff's grantor purchased from defendant's father without notice of a title bond alleged to have been executed to defendant by his father.
3. Vendor and Purchaser—Bona Fide Purchasers.—The grantee of a bona fide purchaser without notice is protected against prior equities even though he himself has notice.

KASH & BACH and SMITH & COMBS for appellant.

A. J. MAY and BAKER & BAILEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Kentucky Coal & Timber Development Company, brought this suit against Elijah Conley to recover a tract of land formerly located in Breathitt county, but now located in the county of Knott. On final hearing, de-

fendant was adjudged to be the owner of the land and plaintiff appeals.

In the year 1872 the Commonwealth issued to Stephen G. Reid a patent for 154,800 acres of land lying in the county of Breathitt, but excluding therefrom 25,800 acres of land theretofore patented or otherwise appropriated. The evidence shows that the land in controversy is within this patent and outside of any exclusions except a prior patent issued to defendant's father, John Conley, and covering only four or five acres of the land.  By *mesne* conveyances plaintiff has acquired the title of Reid, the patentee.  Defendant claims title by adverse possession of himself and father, and by virtue of a deed alleged to have been made to him by his father on April 10, 1872, when he was fourteen years of age, and recorded in the Breathitt county clerk's office, and by a title bond alleged to have been executed to him by his father on April 15, 1886.  It further appears that one J. M. Bailey purchased the land in controversy from defendant's father and in an action brought for specific performance was awarded the relief asked and obtained a deed from the commissioner of the court.  Subsequently Bailey conveyed to others, who conveyed to plaintiff.

It may be doubted if defendant's evidence of title by adverse possession is sufficient, but passing this phase of the case and assuming that his father had acquired title by adverse possession, it is apparent that plaintiff is the owner of the land not only by virtue of the Reid patent, but by virtue of its purchase from defendant's father, unless it had notice of the deed alleged to have been executed to defendant by his father in 1872, or of the title bond executed in the year 1886.  With respect to the deed, it is claimed that it was recorded in the Breathitt county clerk's office and that the records of that office were destroyed by fire in 1873.  Though claiming to have the original deed in his possession, no attempt was made by defendant to have the deed again recorded until the year 1916, when it was recorded in the Knott county clerk's office.  Thus a period of twenty-five years elapsed between the destruction of the records and the purchase of the land by Bailey, and a period of over forty years before the deed was ever again recorded. Bailey testified that he had no knowledge of the deed when he purchased the land and there is no evidence to the contrary.  If during all this time, the defendant, as he

claims, had the deed in his possession, it was his duty to have it recorded in the proper office. On the other hand, if he did not have the deed in his possession, it was his duty to have the lost record supplied in the manner provided by the statute. Having failed for such a long and unreasonable time to do either of these things, his negligence was such as to prevent the court from disturbing an innocent purchaser for value, it being a case calling for the application of the rule that where the loss must fall on one of two innocent parties, it will be put on him whose negligence has made the loss possible. In such a case, the alleged deed will be treated as if it had never been recorded. Tolle v. Alley, 15 Ky. Law Rep. 529, 24 S. W. 113. The title bond was not recorded and the only evidence that J. M. Bailey, the purchaser from defendant's father, had notice thereof is the statement by defendant that he informed him that he had the title bond prior to the purchase. On the other hand, Bailey denies that defendant gave him any such information and says that he would not have purchased the land if he had been informed that defendant held the title bond therefor. If the question of notice depended alone upon the veracity of the witnesses, it would be more difficult of solution, but viewing the case in the light of the fact that Bailey did purchase the land from defendant's father, and that men do not ordinarily purchase land from one man when informed that it is owned by another, we are constrained to believe that no such statement was made to Bailey.

Since Bailey purchased and paid for the land without notice either of the alleged deed or the title bond, it necessarily follows that he was a *bona fide* purchaser for value. And though the record does not show whether plaintiff had notice or not, it is well settled that the grantee of a *bona fide* purchaser without notice is protected against prior equities even though he himself has notice. Varney v. Deskins, 146 Ky. 27, 141 S. W. 411.

There are other reasons why plaintiff should have been adjudged the owner of the land but the foregoing are sufficient.

Judgment reversed and cause remanded with directions to enter judgment in favor of the plaintiff.