## Carrier, et al. v. Kavanaugh.

(Decided February 27, 1923.)

### Appeal from Garrard Circuit Court.

1. Vendor and Purchaser—Innocent Purchaser Takes Good Title as Against Infants—If a purchaser of land was an innocent purchaser, he took a perfect title even as against infants having an interest therein under an unrecorded deed.

2. Vendor and Purchaser—One Purchasing in Reliance on Record Held Innocent Purchaser of Land to Which Unrecorded Deed to Infants Had Been Executed.—Where land owned by a married woman and the heirs of her body was ordered sold and the proceeds reinvested in land belonging to her husband, but, after acknowledgment and certification of the husband's deed, it was destroyed without being recorded, and the land sold to defendant who had no information concerning the sale to the wife and infants, and who in good faith endeavored to find out from the record whether the husband had title to the land, he was an innocent purchaser of the land under Ky. Stats., section 496, relative to unrecorded deeds.

3. Vendor and Purchaser—Proceedings for Sale of Land for Reinvestment Held Not Notice to Person Purchasing Land in Which Proceeds Reinvested and Deed to Which Had Been Destroyed.—

Where, in a suit to sell land owned by a married woman and her children as heirs of her body, in which the proceeds of the sale were ordered reinvested in land belonging to the husband, no lis pendens notice was filed in the office of the county clerk, one purchasing the husband's land after execution of a deed to the wife and children and destruction thereof without recording was not charged with notice of the proceedings in such suit.

4. Infants—On Sale to Innocent Purchaser of Land, in Which Proceeds of Sale of Infants' Land were to Have Been Invested, Infants Entitled to Have Amount Still Due on Sale Invested in Other Land.—Where land owned by a married woman and her children as heirs of her body was sold and the proceeds ordered reinvested in land owned by the husband, but the husband's deed to the wife and children was destroyed without being recorded, and the land was sold to defendant, who made a partial payment, which the wife spent, the children were entitled to have the amount still due reinvested in other real property to be held by them and their mother as was the original property, but with the mother's interest reduced by the amount received by her from defendant.

G. C. WALKER for appellants.

L. L. WALKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

In April, 1899, Mollie Carrier and the heirs of her body, being several children, became the owners of a tract of farming land in Garrard county, containing 119 acres, she taking a life estate and the children a fee in remainder. W. S. Carrier is the husband of Mollie Carrier and the father of her children. In November, 1917, Mollie Carrier and her husband, W. S. Carrier, as plaintiffs, instituted an action in the Garrard circuit court against their five infant children for a sale of the said farm for reinvestment of the proceeds in other real property on the alleged ground that the said farm lay in an out of the way part of the county and a long distance from the home of the Carriers and was not for said reasons a productive investment. The suit was prosecuted to judgment and a sale of the land ordered. The land brought something more than $5,000.00, which sum the court directed to be reinvested in real property for the use and benefit of Mollie Carrier and the heirs of her body in the same manner the farm was held. W. S. Carrier, owned a tract of about four (4) acres of land with a house on it in the city of Lancaster, which he de-

sired to sell for the price which was realized from the sale of the farm. Under the direction of the circuit court the said lands of W. S. Carrier were examined and approved as a proper investment for the moneys which Mollie Carrier and her children realized from the sale of the land. Thereupon a deed was duly prepared conveying the said land from W. S. Carrier to Mollie Carrier and the infant children, which deed was duly acknowledged in open court before the judge of the Garrard circuit court and certified to the clerk of the Garrard county court for record. It was then delivered to one of the grantees. Thereafter W. S. Carrier and wife, Mollie Carrier, with the agreement and acquiescence of the infant children, destroyed the said deed and it was not delivered to nor recorded in the office of the clerk of the Garrard county court. So far as the records show the title to the property appeared to be in W. S. Carrier, who had purchased the land several years before and had his deed of record. Some months thereafter appellee Kavanaugh bought the said four acres of land and house in Lancaster from W. S. Carrier at the price of $11,000.00, and W. S. Carrier and wife, Mollie Carrier, made to appellee Kavanaugh a general warranty deed for the said land, at the time receiving from said Kavanaugh the sum of $5,500.00 as the first payment, the balance, $5,500.00, evidenced by note to become due in a few months thereafter. After the acceptance of the deed by Kavanangh and its recordation and before the note for the balance of the purchase money became due, Kavanaugh learned for the first time that the children of the Carriers had same equities in the land and he declined to pay the said note for $5,500.00 when it became due. Thereupon Carrier sued him to recover said sum and to subject the said lands to the payment of the said indebtedness. Kavanaugh made his answer a cross petition against Mollie Carrier and the several infant children and set up all the facts in relation to the infants' equity and the purchase of the land by himself and the amount he had paid thereon, and tendered and offered to pay into court the balance of the purchase money and asked that the said sale to him be confirmed and held valid on the grounds that he was an innocent purchaser for value. He further averred that he had no information or knowledge before his purchase that the infants held an interest in said property, and further that he examined the records in the office of the clerk of the Gar-

rard county court to find whether W. S. Carrier had a perfect title to the said lot and had a competent attorney to do the same thing but there was nothing in said office to indicate that W. S. Carrier did not have a perfect title in and to the land, but, on the contrary, the records manifested a perfect title to the land in W. S. Carrier. Mollie Carrier, mother of the infant children, filed her answer in which she said she received the first payment of $5,500.00 made by Kavanaugh and that she had spent the said money and was unable to restore it and asked that she be charged with said sum as against her interest in the lands; at that time she was forty-five years of age and, according to the mortality and other tables, was entitled to 66-31/100 per cent of the sale price of the said property. The guardian *ad litem* answered for the infants, averring that the fee simple title to the said land was in the said children and that appellee Kavanaugh was not an innocent purchaser, at least to the extent that he was attempting to extract title from the infants. He asked, however, in case the title had passed to Kavanaugh as an innocent purchaser that the balance of the money due from Kavanaugh be added to the sum already paid by him and then in the hands of Mr. and Mrs. Carrier, and the total sum invested in lands for the use and benefit of Mollie Carrier and her children upon the same terms and conditions as in the title to the original tract from which the money was derived which purchased the land in controversy.

The court adjudged A. W. Kavanaugh the holder of the fee simple title to the land and adjudged that the $5,500.00 owing by Kavanaugh be paid, with six per cent interest, into court, and it was adjudged that the said sum, when so paid into court, be reinvested in other real property under the orders of the court. The court adjudged that the infants have no interest whatever in the land sold to Kavanaugh and no interest in the fund derived from its sale, except in the $5,500.00 and interest owing by the said Kavanaugh, which was ordered to be and was paid into court.

If Kavanaugh was an innocent purchaser of the land he took a perfect title to the same even against the infants. 22 Cyc. p. 528; Hardin v. Harrington, 11 Bush 367. He was an innocent purchaser because there was no deed or other title paper of record showing that the title to said property had passed from Carrier to anyone else and he had no information of any kind concerning the sale by

Carrier to the wife and infants. He made a good faith effort, according to this record, to find out whether Carrier had title in the lands but was unable to find anything that indicated Carrier was not the holder of the fee simple. He, therefore, was protected by section 496, Kentucky Statutes, which reads:

''No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.''

The proceedings in the equity action for the sale of the farm belonging to Mollie Carrier and her children did not afford Kavanaugh, who later came on the scene, reasonable opportunity of knowing of the equity of the infants in the said town property and he did not in fact know thereof. There was no *lis pendens* notice filed in the office of the county clerk. Mrs. Carrier who received the $5,500.00 paid by Kavanaugh to Carrier at the time of the purchase of the land, had spent the said sum and was unable to restore it. She had, therefore, largely exhausted her interest in the fund.

The infant children are entitled to have the $5,500.00 and interest paid in by Kavanaugh reinvested in real property, to be held by them and their mother as was the original property, with the mother's interest reduced by the amount actually received by her from Kavanaugh.

Upon the whole the judgment of the chancellor seems to be substantially correct, and is therefore affirmed.

Judgment affirmed.