## Lantzy, et al. v. Swango.

(Decided November 16, 1926.)

### Appeal from Breathitt Circuit Court.

1. Vendor and Purchaser.—Recording act applies to successive and remote purchasers acquiring title through same grantor, as well as to subsequent and immediate purchasers.

2. Vendor and Purchaser.—Under recording act, purchaser for value without notice, who has acquired legal title by conveyance duly recorded, has claim superior to that of purchaser under prior unrecorded deed.

3. Vendor and Purchaser—Where Record of Deed has Been Destroyed and Vendee Fails to Re-Record Deed for an Unreasonable Time or to have Lost Record Supplied by Statutory Method, Innocent Purchaser Will be Protected.—Where vendee has recorded deed but record has been destroyed by fire, his failure to record deed for unreasonable time or to have lost record supplied by statutory method is such negligence that an innocent purchaser for value during time deed was unrecorded will be protected under rule that, where loss must fall on one of two innocent parties, it will be put on him whose negligence has made it possible.

4. Vendor and Purchaser—Purchaser from One Failing to Re-Record Deed Recorded Prior to H.'s, for 37 Years After Fire that Destroyed Both, had no Title as Against Innocent Purchasers from Devisees of H., who had Re-Recorded Promptly.—One who purchased from S. who had failed to re-record deed, which had been recorded prior to deed from same grantor to H. for part of same land, for 37 years after fire which had destroyed both records, had no title to land included in both conveyances as against purchasers for value without notice, during time first deed was unrecorded, from devisees of H. who had re-recorded promptly after fire.

GOURLEY, GOURLEY & PARRISH for appellants.

W. L. KASH and A. M. RUSSELL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Andrew Lantzy and others brought this suit against the Breathitt Coal and Timber Corporation and O. H.

Swango and others to quiet their title to three tracts of land lying in Breathitt county. A settlement having been made with the defendants other than O. H. Swango, the action as to them was dismissed without prejudice. By an amended petition Breck Combs, Gus Combs and Cora Combs were made parties defendant. Thereafter the action was dismissed as to Breck Combs and judgment rendered in favor of plaintiffs against Gus Combs and Cora Combs, neither of whom has appealed from the judgment. Swango filed a general denial and alleged title in himself to a tract of 200 acres of land. On final hearing the petition was dismissed as to him, and plaintiffs have appealed.

According to the agreed statement of facts, M. J. Amyx was the owner of several patents, including patent No. 38,834 for 200 acres of land issued May 15, 1867, on a survey made May 26, 1866, and patent No. 40,632 issued December 26, 1867, on a survey made May 25, 1866. These two patents conflict to the extent of 61 1/10 acres.

On June 10, 1868, Amyx conveyed the 200 acre tract covered by patent No. 38,834 to R. T. Smith by deed which was duly recorded in the Breathitt county clerk's office on August 15, 1868. In 1873, the records in the county clerk's office were destroyed by fire, and the deed from Amyx to Smith was not recorded again until January 22, 1911. On May 22, 1912, Smith conveyed the same tract of land to O. H. Swango.

On March 30, 1869, M. M. Amyx conveyed the tract of land covered by patent No. 40,632 to Benjamin A. Hunt and the deed was duly recorded in the Breathitt county clerk's office on April 10, 1869. On February 9, 1876, and after the destruction of the records by fire, the deed from Amyx to Hunt was re-recorded in the county clerk's office. Hunt devised the land to his two daughters, Mary G. Hunt and Catherine I. Hunt, who conveyed the land to Joseph Lantzy and others by deed dated November 27, 1909, and duly recorded in the Breathitt county clerk's office on December 2, 1909. At the time of their purchase the deed from Amyx to Smith had not been re-recorded. and Lantzy and others, who paid a valuable consideration for the property, purchased without notice of the existence of the deed.

The only question is, who has the better title, the Lantzys or Swango, to the 61 1/10 acres within the conflict between patent No. 38,834 and patent No. 40,632?

The recording act is not confined in its application to subsequent and immediate purchasers from the same grantor, but applies as well to successive and remote purchasers who acquire title through the same grantor. Arnett v. Owens, 65 S. W. 151; Varney v. Deskins, 146 Ky. 27, 141 S. W. 411. Under that act a purchaser for value without notice, who has acquired the legal title by conveyance duly recorded or lodged for record, has a claim superior to that of a purchaser under a prior unrecorded deed. Conley v. Mayo, 167 Ky. 445, 163 S. W. 243; Salyer v. Elkhorn Land & Improvement Co., 167 Ky. 111, 180 S. W. 38. It is also the rule that where a vendee of land has recorded his deed, but the record thereof has been destroyed by fire, his failure to record his deed for an unreasonable period of time or to have the lost record supplied by the statutory method is such negligence that an innocent purchaser for value during the time it was unrecorded will be protected under the rule that where the loss must fall on one of two innocent parties it will be put on him whose negligence has made the loss possible. Kentucky Coal & Timber Development Co. v. Conley, 184 Ky. 274, 211 S. W. 34. No question of different chains of title is presented. The entire title was in Amyx, and both parties claim through him. If at the time of the purchase by the Lantzys the deed from Amyx to Hunt had been of record, they would have been charged with notice, but as the deed was not of record at that time and was not re-recorded until 37 years after the destruction of the records by fire, the effect is the same as if the deed had never been made or put to record in the first instance. On the other hand, Swango, if the deed from Amyx to Smith had been promptly recorded, would not have been charged with notice of any conveyance made between the date of the Smith deed and its re-recording, or any conveyance thereafter made, but in view of the unreasonable delay in re-recording the deed of Amyx to Smith, he was charged with notice of any conveyance made by Amyx after such delay and prior to his purchase from Smith. Therefore, the case in brief is this. Amyx conveyed to Smith by deed that was not recorded until 37 years after its date. In the meantime, Amyx conveyed a portion of the same land to Hunt, whose deed was promptly re-recorded after the fire. The Hunts then sold to the Lantzys, who had no notice whatever of the unrecorded

deed from Amyx to Smith. Though the case is a hard one in that none of the parties probably knew of the conflict between the two deeds that Amyx made to Smith and Hunt, yet, as there was a conflict in fact, and the Lantzys purchased for value without notice of the unrecorded deed from Amyx to Smith, and Swango purchased with notice that a portion of the land conveyed to him by Smith had theretofore been conveyed to Hunt by deed of record, there is no escape from the conclusion that the Lantzys and their co-owners have the better title. Hardin v. Harrington, 11 Bush 367; Loeb v. Conley, 160 Ky. 91, 169 S. W. 575.

Wherefore, the judgment is reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.