## Jackson v. Engle et al.

(Decided September 24, 1929.)

M. C. BEGLEY for appellant.

T. G. LEWIS for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Reversing in part and affirming in part.

The appellant, G. W. Jackson, sued the appellee Henry Engle on three notes for $200 each, and asserted a purchase-money lien on a tract of land which on November 8, 1919, he had sold and by general warranty deed conveyed to Engle for the recited consideration of $1,150. The deed acknowledged receipt of all of the purchase money. There was no reference to any lien being retained. However, the appellant alleged and testified that only $550 had actually been paid and that the notes sued on represented the balance of the purchase price. Al-

though not appearing in the deed, under the established rule in this state, the vendor, Jackson, in the absence of his agreement to the contrary, had an equitable lien on the property for the unpaid purchase money. Pace v. Berry, 176 Ky. 61, 195 S. W. 131.

The plaintiff alleged that appellees Willie Buckhart and Loyd Slusher, on January 21, 1922, purchased the land from Engle with actual notice and knowledge of the outstanding notes and of the fact that they had been executed for the deferred purchase money and with knowledge of plaintiff's lien. He further charged that Burkhart and Slusher had on April 1, 1925, paid him $25 on this indebtedness. Engle made no defense. Burkhart and Slusher denied the allegations of the petition in so far as they affected title to the property. The lower court canceled the notes and dismissed the petition. Jackson appeals.

Although Jackson's deed purported to convey to Engle title to the entire property, it appears that it had been conveyed to him and his then wife, Jerusha Jackson, jointly. She had died several years previous to the execution of the deed to Engle, survived by seven children, one of whom, when about 14 years old, had also died. Engle conveyed only an undivided one-half interest in the property to Burkhart and Slusher. They later acquired from some of the Jackson children their interest inherited from their mother and claimed that they owned five-sevenths of the property. Afterward, but before this suit was filed, appellant also acquired from these children a conveyance of their interest in the property. The appellant alleged and testified, without proper exceptions being taken, that his wife's name was included in the deed by mistake and pursuant to a custom of that time and place to include the name of the grantee's wife in the deed; that neither his wife nor her children had ever claimed any title to the property; and that he had at all times been ready and able to perfect title to the property in accordance with his covenant of warranty, but had never been called upon to do so.

Undoubtedly it was through oversight that the petition was dismissed against Engle, for the plaintiff was entitled to a personal judgment against him. It is here admitted that only $550 was paid to the appellant at the time of the delivery of the deed to Engle, and it is uncontradicted that the amount agreed to be paid was

$1,150. The question is whether under the facts of the case appellant is entitled to a lien on the land as against its present owners. It is provided in section 2358 of the Statutes: "When any real estate shall be conveyed, and the consideration, or any part thereof, remains unpaid, the grantor shall not have a lien for the same against bona fide creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid."

Ordinarily the plea of innocent purchaser is a defensive one, but here the plaintiff affirmatively alleged that the defendants were purchasers with actual notice of his equity. He offered no evidence, however, except to show that they had paid him $25 long after they acquired title from Engle and from the children of Jerusha Jackson. This, added to the sum originally paid, equals one-half of the purchase price. There is no evidence or intimation that the appellees had any notice or knowledge of the outstanding equity. The evidence of the $25 payment does not prove that they were not innocent purchasers, for it does not show notice acquired before they purchased the property. Kentucky River Coal Corporation v. Sumner, 195 Ky. 119, 241 S. W. 820. None of the defendants testified.

It is apparent that the appellees examined the record of title and discovered that Jackson had in fact owned only one-half interest in the property, and consequently his deed to Engle did not pass title to the whole. There was nothing in that record to put them on inquiry or notice concerning any unpaid purchase money. On the contrary, it disclosed payment in full. Carrier v. Kavanaugh, 198 Ky. 25, 247 S. W. 1107. Concerning such latent outstanding equities and a purchaser's duty with respect thereto, the court, in Bailey v. Southern Railway Company, 112 Ky. 424, 60 S. W. 631, 633, 61 S. W. 31, said: "Our system or registration of muniments of land titles is so effective, so simple, so well understood, and so generally employed, that we are disinclined to favor those latent equities founded on the neglect of plain, well-known statutory privileges, as against purchasers for value without notice. And, as to this notice, we rather incline to the view that when the purchaser has inspected the records where evidences of title and liens should be recorded, and finds nothing there certainly informing him of the outstanding equity, his vendor being in posses-

sion, he should be protected." See also Fields v. Stamper, 177 Ky. 323, 197 S. W. 919.

Appellant insists that he was not called upon to prove his allegations in regard to their innocence as there was no denial. We think that the answer presented a sufficient traverse. It is, in part: "They deny that at the time Henry Engle sold and conveyed said land to them he was indebted to the plaintiff for said land in any sum or amount, or that they had actual notice of such indebtedness, for the lands described in the petition, or that they or each of them had actual notice of the existence of said notes except as will hereafter appear."

This qualification, "except as will hereafter appear," the appellant says constituted the traverse a negative pregnant and was insufficient to raise an issue requiring proof, citing in support of the contention Boeckley v. Central Savings Bank & Trust Company, 205 Ky. 508, 266 S. W. 15. Were the above all the pleadings, the point might be well taken; but the answer continues:

"And they deny that plaintiff had any lien upon said land to secure the payment of the purchase price or that they had actual notice of such, as shown by said notes.

"They deny that at the time Henry Engle sold and conveyed said land to them he was indebted to the plaintiff for said land in any sum or amount whatever, or that they had actual notice of such indebtedness for the lands described in the petition, or that they had assumed the payment of said notes, or any part thereof, interest or costs."

We consider the traverse sufficient, and, inasmuch as the plaintiff, he having assumed the burden by his pleadings, failed to sustain that burden, we must hold that the appellees are entitled to the protection of the statutory provisions above quoted. Under this conclusion, it is not necessary to discuss other points raised by the appellant.

The judgment is reversed as to appellee Engle, and affirmed as to appellees Burkhart and Slusher.